204    SUPREME COURT OF WISCONSIN,

The City of Green Bay vs. Brauns and others.

THE CITY OF GREEN BAY vs. BRAUNS and others.

*September 3 — September 21, 1880.*

CITY CHARTER.    *Regularity of various proceedings of common council.*

1. The charter of the defendant city declared that the common council should have power "to make, enact, ordain, establish, . . . alter, modify, amend and repeal . . . ordinances, rules, resolutions and by-laws for the government and good order of the city, for the suppression of vice," etc., etc.; and that "all laws, ordinances, regulations and by-laws" should be passed by a vote of a majority of the common council, and signed by the mayor and published, etc. Afterwards, another part of the chapter, relating to the office of city treasurer, was amended so as to provide that the common council, at their last regular meeting in March, should "fix the salary of the treasurer to be elected at the next ensuing election." *Held,* that any form of procedure which the council might resort to, in expressing its determination as to what the salary should be, would be a compliance with the charter, if such action were made to appear in the record of its proceedings in some written permanent form, as by the record in the minutes of an oral motion and the vote thereon.

2. A charter provision that "the vote of the common council shall, in all cases, be taken by ayes and noes, and every vote shall be entered at length upon the journal," *held* not intended to apply to votes upon *motions to adjourn.*

3. At a time when the statute did not authorize the treasurer's salary to be fixed in excess of $1,000, the council undertook to fix it at $1,500. Subsequently, at an adjourned meeting, when the statute would have permitted the salary to be fixed as high as $2,000, the council voted that it should be $1,000. *Held,* that the failure to reconsider and rescind the former void resolution has no effect upon the validity of the later determination.

4. At the expiration of the treasurer's term, a committee, appointed to make a final settlement with him, examined his accounts and reported the amount of moneys received and paid out by him, and the report was adopted by the council; but such report does not show that the treasurer had been allowed $1,500 as his salary. In an action by the city against such treasurer, to recover $500, alleged to have been retained by him in excess of the $1,000 duly fixed as his salary: *Held,* that the record does not show any allowance by the council of more than $1,000 for salary on such final settlement.

APPEAL from the Circuit Court for *Brown* County.

Action on the official bond of *Brauns* as treasurer of the plaintiff city from April, 1876, to April, 1877. The breach of the bond alleged was, that *Brauns* had taken out of the moneys received by him as such treasurer, $1,500 as compensation for his services during said term, being $500 in excess of the amount of his salary as duly fixed by the common council, and had refused to pay over said $500 to his successor in office. The defense was, that the salary of the office for that year, as duly fixed at the last regular meeting of the council-in March, 1876, by resolution which was not rescinded before *Brauns* entered upon the office, was $1,500.

The court found substantially the following facts: At its last regular meeting for March, 1876, the council, by resolution in writing, on which the ayes and noes were taken and recorded, fixed the salary of the city treasurer to be elected the next month, at $1,500. The business before said meeting not being finished on said day, the meeting was adjourned to the 23d of that month, by a motion which the record states to have been "carried," without showing how the vote was taken; and on the 23d, the business being unfinished, the meeting was again adjourned to the 28th in the same manner and with a like record. At said adjourned meeting of March 28th, further action was taken, which is thus recorded: "A motion that the salary of the city treasurer be $1,000 for the ensuing year, was carried by the following vote:" Here follow the names of seven councilmen who voted in the affirmative, there appearing to be no negative votes, and the council being composed of only nine members. When this vote was taken, the vote by which the resolution of the 17th of March was adopted had not been reconsidered. No further action was taken by the council on that subject before *Brauns* entered on his term of office. During said term he retained and claimed for his salary $1,500. At the close of said term, a special committee of the council was appointed to examine

his accounts as treasurer and make a final settlement with him; the accounts and vouchers exhibited to the committee by *Brauns* showed that he had retained that sum as his salary; the committee reported to the council that they had found his accounts correct; and the report was adopted by the council at a regular meeting held April 20, 1877. "There was nothing in the report of said committee showing how much *Brauns* had received and retained, and said committee had allowed him, as salary." No part of said $1,500 has ever been paid by *Brauns* to the city, or to any person. for it. One Benson was city treasurer for two successive terms immediately following that in which *Brauns* held the office; and during his second term, on the 3d of May, 1878, the city attorney was instructed by vote of the common council to demand of *Brauns* the $500 with interest, and such demand was made both by the city attorney and by Benson.

On these facts the court held that the salary of *Brauns* had been legally fixed at $1,000, and rendered judgment against the defendants for $500, with interest; from which the defendants appealed.

For the appellants there were briefs by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

For the respondent there was a brief by *H. J. Huntington* and *Hastings & Greene*, and oral argument by *Mr. Hastings*.

COLE, J. We are clear in the opinion that the common council, at its meeting on the 28th of March, 1876, fixed the salary of the treasurer to be elected at the next ensuing election at $1,000, and that he can claim no more than that sum. Section 12, ch. 179, Laws of 1876, gave the common council ample authority thus to fix the salary. But some objections are taken by the learned counsel for the defendants to the validity of this action of the common council. He claims that, under the provisions of the city charter (chapter 262, Laws of 1875), the common council could only fix the salary of the treasurer by

an ordinance, by-law or resolution in writing, legally passed or adopted at its last regular meeting in March, 1876. The question therefore is, Do not the proceedings of the common council, which were offered in evidence, show that the salary was in fact fixed at such a meeting by a proper resolution? Among the proceedings of the meeting, held on the 28th of March, we find this entry: " A motion that the salary of the city treasurer be $1,000 for the coming year was carried by the following vote: Ayes — Aldermen Hoffman, Holmes, Harteau, Meister, Miller, Martin, and Weise." The action of the common council fixing the salary of the treasurer clearly appears from this entry. But it is said the entry shows that the salary was not fixed by written resolution, by-law or ordinance, as it should have been, but by an oral motion. We suppose, however, when this oral motion was adopted by the common council it became a resolution or order of that body, expressive of its decision in regard to the treasurer's salary. This is the common-sense view of the matter, which is fully borne out by the authorities to which we were referred by the learned attorney for the city. Besides, it might be added, that the law conferring authority upon the common council to fix the salary does not require that body to act upon the subject in any particular manner. It simply provides that the common council shall, at its last regular meeting in March, fix the salary of the treasurer to be elected; and we fully agree with the attorney for the city in the view that any form or mode of procedure which the common council might resort to, for expressing its decision or determination as to what the salary should be, would comply with the charter, providing such action were made to appear in the record of its proceedings in some written, permanent form.

But it is further objected that the meeting of the common council on the 28th of March was irregular, or not held pursuant to a lawful adjournment. The record of the proceedings shows a meeting of the common council on the 17th of March,

which was adjourned to the 23d; and that a meeting was held on the 23d, which was again adjourned to the 28th. The record does not show how the vote on these adjournments was taken. It is insisted that the charter required that the vote on each adjournment should be taken by ayes and noes, and entered at length upon the journal. It is true that there is a provision in the city charter (sec. 2, subch. IV, ch. 262) to the effect that the sessions of the common council shall be open and public; that the proceedings shall be recorded in full; that the vote in all cases shall be taken by ayes and noes, and every vote shall be entered at large upon the journal. Without attempting now to decide the question so fully discussed upon the argument, whether this provision was directory or mandatory upon the common council when acting upon particular subjects, we think it was not intended to apply to a vote upon a motion to adjourn. It doubtless relates to business matters which might come before the council for its action, such as the allowance of claims and demands against the city, the management of its finances, the levy of taxes, laying out and improving streets, and matters of that kind, in which the citizens and public had an interest and might desire to know how members of the common council acted and voted in respect to them. But we can see no reason for saying the provision requires a vote on an adjournment to be taken by ayes and noes, and entered at length upon the journal, whether the members desire the vote to be taken in that manner or not. The provision was not intended to prescribe an iron rule for taking the vote on a motion to adjourn, and it would be most unreasonable to give it that construction. We therefore think the proceedings adjourning the meeting of the common council from the 17th to the 23d, and from the latter day to the 28th of March, were regular and valid.

It appears, furthermore, that at the meeting on the 17th the common council attempted to fix the salary of the treasurer at $1,500. This action was clearly unauthorized, as chapter 179

had not then taken effect. Section 30, ch. 10 of the charter was in force, which regulated the treasurer's salary, and fixed it not to exceed $1,000. The objection that the resolution adopted on the 17th should properly have been reconsidered and rescinded at the subsequent meeting on the 28th, cannot, under the circumstances, have any weight given it; for the resolution of the 17th was inoperative and void.

It appears that at the end of the treasurer's term of office a settlement was made with him. It is said that in this settlement he was allowed $1,500 salary. No such fact, however, appears from the settlement, nor can the inference be drawn from the action of the common council in the matter, that he was to be allowed $1,500 as his salary. The proceedings show merely that a special committee was appointed by the common council to make a final settlement with the treasurer, and that such committee examined his accounts, and made a report of the moneys received and paid out by him; but there is nothing in the report showing that the treasurer had retained and been allowed $1,500 as his salary. The report of the committee was adopted by the common council, and this is all that was done in regard to the settlement. There is, therefore, no ground for saying that the treasurer was allowed more than $1,000 salary on a final settlement of his accounts.

It follows, from these views, that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.