Porch vs. St. Bridget's Congregation.

━━━━━━━━━

PORCH, Appellant, vs. ST. BRIDGET'S CONGREGATION, Re-
spondent.

*February 26 — March 22, 1892.*

*Cemeteries: Establishment: Consent of municipal authorities, how given:
Sufficiency of application.*

1. Under sec. 1454, R. S. (providing that no corporation shall lay out or
   establish any cemetery within certain limits in or near a city or
   village, " without first obtaining the consent of the municipal au-
   thorities thereof "), a written communication, addressed to the
   mayor and common council of a city, and signed by the pastor,
   secretary, and treasurer of an incorporated religious society, asking

Porch vs. St. Bridget's Congregation.

that permission be granted to such society to maintain a cemetery on certain lands, is a sufficient application.

2. The "consent of the municipal authorities," in such a case, is sufficiently given by the adoption of a motion to that effect by the common council, such motion being entered on the record of its proceedings.

APPEAL from the Circuit Court for *Pierce* County.

The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant.

The cause was submitted for the appellant on the brief of *F. M. White*, attorney, and *J. S. White*, of counsel, and for the respondent on that of *W. Vannatta*.

ORTON, J. This is an action to enjoin the defendant from laying out and platting cemetery grounds adjoining the plaintiff's land, and on which he resides with his family, within the territorial limits of the city of River Falls, and within the recorded plat of an addition to the plat of said city, and within 200 rods of inhabited dwellings standing on lots of the recorded plat of said city. The court found that the proposed cemetery grounds are not within the limits of any recorded plat or addition thereto, and such finding appears to have been sustained by the evidence. The court found also "that before the commencement of this action the municipal authorities of said city granted to the defendant permission to lay out and establish said lands as cemetery grounds, and to use the same for burial purposes," and rendered judgment in favor of the defendant. This last finding is the only one that is seriously contested.

The statute relating to cemetery grounds of associations is sec. 1454, R. S. That section prohibits "the use of grounds for such purpose within the limits of any recorded plat of any city or village, or within an addition thereto, when they are within one mile of any lot or block therein

on which any building may be erected." It also prohibits such grounds without the limits of such plat or addition thereto, and within 200 rods of any inhabited dwelling standing on any lot or block in such city or addition thereto, without first obtaining the consent of the municipal authorities thereof.

On the 6th day of March, 1891, the defendant filed with the clerk of said city a communication in writing, addressed to the mayor and common council, requesting that permission be granted to the *St. Bridget's Congregation* to maintain a cemetery on said land, signed by the pastor, secretary, and treasurer of said congregation. On the 6th day of April, 1891, the following proceedings were had by the common council of said city in relation to said request, appearing of record: "April 6th, '91. Regular meeting. Roll-call, etc. The matter of granting permission to *St. Bridget's Congregation* to use certain grounds purchased by them of Benjamin Sweet for cemetery purposes, and, on motion, privilege granted." This record is objected to by the learned counsel of the appellant (1) because the written request is not signed by the proper officers of the corporation; and (2) because it does not show any proper action of the common council, and that the consent should have been by ordinance.

1. The *St. Bridget's Congregation* is a religious society and church, as well as a corporation. These high officers of the congregation certainly may act as its *agents* to make this request. The statute is silent as to the form of such a request, although it is implied that a request should be made in some form. This is clearly sufficient for such purpose.

2. The *privilege* was *granted on motion*, presumably by a majority vote. This is quite informal, but probably the usual record of the acts of the common council. The statute requires only *consent*, and does not prescribe the man-

ner in which it shall be given. It is held in *Green Bay v. Brauns,* 50 Wis. 204, that, as to such a matter, "any form or mode of procedure which the common council might resort to for expressing its decision or determination, . . . would comply with the charter, providing such action were made to appear in the record of its proceedings in some written and permanent form." This was said in relation to fixing the salary of the treasurer to be elected, a matter of more importance than simply giving "consent." The statute does not require such consent to be given by ordinance or formal resolution. A motion submitted and voted on and adopted or "granted," is the common form of procedure of deliberative bodies. The record would seem to be sufficient to show that the *St. Bridget's Congregation* had obtained the consent of the city to lay out and use said land for a cemetery.

There are no other material questions in the case.

*By the Court.*— The judgment of the circuit court is affirmed.