PFLEGER, Appellant, vs. GROTH and another, Respondents.

*April 8 — April 25, 1899.*

*Cemeteries: Nuisance: Amendment and repeal of statutes.*

1. A complaint alleging, in substance, that defendants, owners of land within the corporate limits of a duly incorporated city, part of which had been duly laid out and platted as a cemetery before they acquired title, had laid out, platted, and mapped the balance of the land as cemetery grounds and threatened to use the same for burial purposes, and had recorded such plat; that the newly platted premises were within 200 rods of many lots of the platted portion of such city on which dwelling houses were located, and only separated by a highway from plaintiff's homestead on which he resided with his family; and that the defendants' action was without the consent of the municipal authorities,— and praying that the proposed addition to the cemetery be declared a nuisance and abated, states every fact essential to a cause of action in plaintiff's favor, under sec. 1454, Stats. 1898.

2. Where in laying out, platting, and opening an addition to a cemetery the municipal authorities and law are entirely disregarded, mere non-action by the municipality is not acquiescence in such acts nor evidence of the consent of the municipality required by sec. 1454, Stats. 1898.

3. Sec. 2, ch. 315, Laws of 1887, as amended by ch. 51, Laws of 1893, does not remove the restrictions to the enlargement of cemeteries in cities and villages imposed by sec. 1454, R. S. 1878, but provides how land may be acquired for such enlargement, when permission shall have been obtained from the municipal authorities under said sec. 1454.

4. While the fact that the conduct complained of, consisting of a private grievance of plaintiff, might not be sufficient, on demurrer, to sustain an action for equitable relief, yet when the whole subject is regulated by statute, which gives the right to proceed in equity, a demurrer on that ground should be overruled.

APPEAL from an order of the circuit court for Ozaukee county: JAMES J. DICK, Circuit Judge. *Reversed.*

The complaint, by appropriate allegations, sets forth the existence of the following facts as ground for equitable relief: June 17, 1889, defendants and one Dobberpuhl, then

the owners of a tract of land particularly described, located within the corporate limits of the duly incorporated city of Cedarburg, this state, part of which premises was a duly laid out and platted cemetery for the burial of the dead, established as such by defendants' grantor prior to April 30, 1887, laid out, platted, and mapped the balance of the land as cemetery grounds for burial purposes, and duly recorded the map so as to establish the cemetery according to law without the consent of the municipal authorities of said city. The newly platted premises were at the outset, ever since have been, and are now within 200 rods of many lots with dwelling houses located thereon situated in the platted portion of the said city of Cedarburg, and the same is separated only by a highway from a forty-acre tract of land, owned by plaintiff for upward of ten years and occupied by him and his family as a homestead. The value of plaintiff's land has been greatly diminished by the newly established cemetery, which damage will be increased and be rendered permanent if the design of defendants shall be fully carried out. Dobberpuhl, before the commencement of the action, conveyed all his interest in the premises to defendants and they are now the sole owners thereof. No part of the newly platted land has yet been used for burial purposes. It has been, up to this time, used for agricultural purposes, but defendants are about to inclose, improve, and devote the same to the platted design and will do so unless prevented by the court, disregarding the rights and protests of plaintiff and many other persons similarly situated, to the irreparable loss of plaintiff in the inevitable permanent impairment of the use and value of his land. The platting and establishment of the new cemetery grounds, and the threatened use of the same for burial purposes, constitute a nuisance and a grievance specially injurious to plaintiff. The prayer for relief is, in effect, that the cemetery established by defendants and Dobberpuhl be declared a nuisance and be abated, and the

platting thereof vacated. Defendants demurred to the complaint upon the ground of insufficiency and the demurrer was sustained.

*James F. Trottman,* for the appellant.

*H. B. Schwin,* for the respondents.

MARSHALL, J.   Sec. 1454, Stats. 1898, prohibits the establishment of any cemetery for burial purposes within the platted portion of any city or village in this state so as to approach nearer than one mile to any lot or block in the plat upon which there may be a building; also prohibits the laying out or establishment of any such cemetery outside the platted portion of any city or village, within 200 rods of an inhabited dwelling standing on any lot or block in such city or village, without first obtaining the consent of the municipal authorities thereof, and declares that any violation of the statute shall be deemed a nuisance and subject to abatement at the suit of any person aggrieved.

The complaint states every fact essential to a cause of action in plaintiff's favor under the statute.   It alleges the laying out of a cemetery for burial purposes within prohibited territory and without the consent of the authorities of the municipality; that plaintiff is a party aggrieved; and it states the facts constituting such grievance.

It is urged in support of the demurrer that cemeteries are not nuisances *per se.*   That may be admitted.   They are necessary and rightly regarded as sacred places.   They ought not to be considered injurious to people of average sensibilities and intellect from the mere fact that they are the resting places of the dead.   With the customarily laid out walks and drives, the mounds, the flowers and shrubs, the monuments and inscriptions, and many other incidents that may be mentioned characterizing a modern cemetery, they are in many respects places of beauty as well as of inevitable decay.   Nevertheless public welfare requires reasonable reg-

ulations in regard to their location and management. All mere sentimental considerations and individual interests bearing unjustly upon the interests of others ought to give way to the necessities of the case, and the police power of the state is ample to secure that result. The prevention of the location of cemeteries in the thickly populated portions of the country, or where such condition is probable, or near dwelling houses actually existing, has generally been considered a proper exercise of police power when regulations in that regard have been challenged on constitutional grounds. *Philadelphia v. Westminster C. Co.* 162 Pa. St. 105; *Crowell v. Londonderry,* 63 N. H. 42; *Craig v. First Presbyterian Church,* 88 Pa. St. 42; *Charleston v. Wentworth St. Baptist Church,* 4 Strob. 306; *Woodlawn Cemetery v. Everett,* 118 Mass. 354; *Humphrey v. Front St. M. E. Church,* 109 N. C. 132; 5 Am. & Eng. Ency. of Law (2d ed.), 792, and notes.

It is further urged in support of the order appealed from that the complaint shows acquiescence in the acts complained of for some eight years and that such acquiescence should be held sufficient evidence of the consent of the municipality required by the statute. *Porch v. St. Bridget's Congregation,* 81 Wis. 599, is cited to that point. It was there held in regard to a consent given by a city council, evidenced by a motion, duly entered as carried, upon the minutes, instead of by an ordinance, that it satisfied the statute, as no particular form was required in such matters. That has no application whatever to a case like this where the municipal authorities and the law were disregarded entirely.

It is further suggested that the law of 1893 [ch. 51], now embraced in sec. 1454*a*, Stats. 1898, providing a method for taking land *in invitum* for the enlargement of cemeteries, but limiting the right in that regard, except in cities and villages, to lands that do not approach nearer than twenty rods to a residence owned by the occupant thereof, without his consent, amends sec. 1454 by removing all restrictions

to the enlargement of cemeteries in cities and villages. The act of 1893 amends sec. 2, ch. 315, Laws of 1887, and relates solely to the subject of taking lands for cemetery purposes by right of eminent domain. It does not deal with or affect in any way the law regulating the location of cemeteries or their enlargement. It provides how land may be acquired for such enlargement when permission shall have been obtained to make it under sec. 1454.

The further point is made that the only injury complained of, constituting plaintiff's private grievance, is diminution in the value of his land, and that such an injury is not of itself sufficient to sustain an action for equitable relief. The conclusive answer to that is, the statute gives the right to proceed in equity to restrain the conduct complained of as regards a person circumstanced as plaintiff is. The whole subject is regulated by the statute, the validity of which is not and cannot successfully be questioned.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings according to law.