## Joseph E. Thompson et al. v. James Mahoney et al.

### Gen. No. 4,812.

INJUNCTION—*when does not lie to enjoin holding of election.* An injunction will not be granted to restrain the holding of an election under clauses 11 and 12 of section 147 of the school laws of Illinois to vote upon a proposition to build a new school house; if the election sought to be held would be void if held, tne remedy is to wait until the election has been held and then to apply for an injunction to restrain the carrying out of the proposition, if it is determined by such election to carry out the same.

Bill for injunction. Appeal from the Circuit Court of La Salle County; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed October 10, 1907.

BUTTERS, ARMSTRONG & FERGUSON, for appellants; ROB-ERT CARR, of counsel.

EDWARD J. KELLY, for appellees; D. B. SNOW, of counsel.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of LaSalle county granting an injunction against appellants as directors of school district number 248, LaSalle county, restraining them from holding an election under clauses 11 and 12 of section 147 of the school laws of Illinois, chapter 122, Hurd's R. S. 1905, to vote upon the proposition to build a new schoolhouse upon the site of the old. Appellees, residents, legal voters and. taxpayers in the school district, filed a bill on June 29, 1906, to enjoin the holding of the election upon the ground that on April 21, 1906, an election had been held, pursuant to a call of the school directors, and at that time the majority of the votes cast at the election were in favor of selecting a new site and erecting thereon a new schoolhouse, and were in favor of bonding said school district to build such schoolhouse, that a conveyance had been made of the land to the township trustees for the use of said school district, that there had been no change in the conditions since the selection of the new site by the voters on April 21, 1906, that appellants had threatened to ignore said election and claimed the right to call an election to repair the old schoolhouse or build a new one on the original site, and that they had actually called a new election to be held on June 30, 1906. The master in chancery ordered a temporary injunction on the bill, the injunction issued and the election was enjoined. In term time thereafter appellants moved to vacate the order granting the injunction and to dissolve the same. These motions were denied, and defendants elected to abide by their motions and declined to answer. The bill was taken as confessed and the injunction was made permanent.

There are a number of errors assigned and argued, but the

view we take of this case will only necessitate our discussing one of them, that is, whether or not equity will take jurisdiction. The case of Walton v. Develing, 61 Ill., 201, is similar to this, and the court there held that equity should not take jurisdiction. The election before the court in that case was called in the township to determine whether a majority of the voters were in favor of subscribing to the stock of a railroad company. The Circuit Court enjoined the election, the persons enjoined disobeyed the writ and were fined for contempt, and the Supreme Court reversed the judgment and held that equity would not take jurisdiction of a matter involving an election, the court saying, "The election proposed would have been an assemblage of the people for a lawful purpose and for consultation for the common good. It would have violated no law; would have been no usurpation of authority and would have been the exercise of a constitutional right. If a majority of the voters voted in favor of subscription, the making of it might be enjoined for good reasons, and the issue of bonds might be restrained for sufficient cause. But the attempt to check the free expression of opinion, to forbid the peaceable assemblage of the people, to obstruct the freedom of elections, if successful, would result in the overthrow of all liberty regulated by law. The mere effort to assume such power is dangerous to the rights of the citizen. If the courts can dictate to the officers of the people that they shall not hold an election from fear of some imaginary wrong, then people and officers are entirely subservient to the courts, and the consequences are too fearful to contemplate. The principle which would authorize the mighty mandate of a court of chancery in this case, would justify it in every election to be held by the people, and thus the whole administration of the government might be obstructed and all power and authority placed at the footstool of the judge." This case has been followed by the Supreme Court repeatedly. However, counsel for appellees contend that this decree should be affirmed under the authority of Kiehna v. Mansker, 178 Ill., 15, but with this we cannot agree, for in that case while a temporary injunction was granted at

first, the same was dissolved and an election was held. After the election a supplemental bill was filed stating the fact of the holding of the election, and the vote in favor of the proposition to build a new schoolhouse on the old site and to issue bonds; thereupon, on a supplemental bill, the school directors were enjoined from carrying out the proposition voted for. To enjoin an election about to be held that would be void is not the proper procedure, but an injunction will lie to restrain the carrying out of any of the propositions voted for at a void election. We are, therefore, of the opinion that the motion should have been sustained, the injunction dissolved and the bill dismissed for want of equity.

The decree is reversed and the cause remanded, with directions to dissolve the injunction and dismiss the bill.

*Reversed and remanded.*