FREDERICKSON, Respondent, vs. WILLOW RIVER CEMETERY ASSOCIATION, Appellant.

*November 8—November 26, 1907.*

*Cemeteries: Location: Statutes: Construction.*

Under sec. 1454, Stats. (1898), providing: "No person, association or corporation shall lay out or establish any cemetery grounds or use any lot or grounds for burial purposes (except such as are now in use for such purposes) within the limits of any recorded plat of any city or village or of any recorded addition thereto, when such cemetery, lot or grounds shall be within one mile of any lot or block therein on which any building may then be erected; and no person, association or corporation shall lay out or establish any cemetery grounds or use any grounds for burial purposes except such as are now in use for such purposes without the limits of such plat or addition thereto and within two hundred rods of any inhabited dwelling standing on any lot or block in such city or village or addition thereto without first obtaining the consent of the municipal authorities thereof. . . . Any violation hereof shall be deemed a nuisance and may be restrained by injunction at the suit of any person," *held:*

(1) The establishment of cemetery grounds within the limits of the platted portion of a city or village and within one mile of any lot or block in such platted portion of such city or village upon which is erected any building is prohibited.

(2) The use of any grounds not in use at the time of the passage of the statute for burial of the dead, within any recorded city or village plat, although such plat contains two or more additions, is prohibited, if there be a building situated upon any lot or block within one mile of such proposed burial grounds and within the limits of any recorded plat or addition in such city or village.

(3) The statute provides for two classes, the first respecting the establishment of cemeteries for burial of the dead "within the limits of any recorded plat of any city or village or of any addition thereto," and the other respecting grounds for burial of the dead without the limits of the plat or addition but within the prohibited distance stated.

(4) These two classes within and without the plats are separate and distinct, the prohibition as to each is independent of the other, and the prohibition under the first class is absolute, while that under the second class is subject to the will of the municipal authorities.

APPEAL from a judgment of the circuit court for St. Croix county: JAMES O'NEILL, Judge. *Affirmed.*

This action was brought under the provisions of sec. 1454, Stats. (1898), to enjoin the defendant, a cemetery association, from devoting two blocks of land within the limits of the plat of the recorded addition to the city of Hudson to the burial of the dead. The diagram on page 504 shows the situation of the premises in question.

The following facts are established by the findings and undisputed evidence: Walnut street was laid out, platted, and opened for travel more than twenty years ago, but travel over said street east of block E of Lewis & Andrews' addition is limited to travel by persons living in the immediate vicinity thereof. Walnut street from the northeast corner of block E to Ninth street, along the north side of block 1, Dawson & Hall's addition, is traveled continuously for ingress and egress to the old cemetery grounds and some by persons living in the immediate neighborhood for general purposes. Ninth or Canary street is one of the principally traveled streets of the city of Hudson. On the 15th day of May, 1905, and after the commencement of this action, the common council of the city of Hudson by resolution consented that the defendant use blocks 1 and 2, Dawson & Hall's addition, for cemetery purposes. The defendant decided at the time of purchasing said blocks that it was necessary to obtain additional grounds for cemetery purposes and that blocks 1 and 2 would be suitable for that purpose. Plaintiff's residence is in

block C, Lewis & Andrews' addition, and George Whereatt's residence is in block 3, Dawson & Hall's addition, and the proposed cemetery grounds are blocks 1 and 2, Dawson & Hall's addition.   Plaintiff for many years last past has been

and now is the owner in fee of lots 1, 2, and 3, block C, Lewis & Andrews' addition, which addition is one of the recorded plats of the city of Hudson, and plaintiff's homestead is situate on said lot 1.   Blocks 1 and 2, Dawson & Hall's addition,

have never been used for burial purposes, and plaintiff's homestead is within less than 100 feet of the west line of said block 2. The proposed grounds for cemetery purposes are within the limits of the recorded plat of the city of Hudson. Said blocks proposed for cemetery purposes are within one mile of lots 9 and 10, block 3, Dawson & Hall's addition, upon which lots is situate the dwelling house and residence of George Whereatt, and said dwelling house is within less than 100 feet of the east line of block 2. Blocks 1 and 2 are within less than 150 rods of the business center of the city of Hudson and within 150 rods of the courthouse of St. Croix county. More than two thirds of the buildings in said city occupied for residence and business purposes are within 160 rods of blocks 1 and 2, and the entire city of Hudson is within one mile of blocks 1 and 2. If defendant is permitted to establish cemetery grounds in blocks 1 and 2, as it threatens to do, and use the same for burial of the dead, such use will create a perpetual nuisance and permanently impair the value of plaintiff's property.

The court concluded that plaintiff was entitled to judgment perpetually restraining the defendant from laying out or establishing cemetery grounds on blocks 1 and 2, and judgment was rendered accordingly, from which this appeal was taken.

For the appellant the cause was submitted on the briefs of *Charles A. Cross* and *W. F. M'Nally.*

For the respondent there was a brief by *Baker & Haven,* and oral argument by *Spencer Haven.*

KERWIN, J. The controversy on this appeal arises over the construction to be given sec. 1454, Stats. (1898), which reads as follows:

"No person, association or corporation shall lay out or establish any cemetery grounds or use any lot or grounds for burial purposes (except such as are now in use for such

purposes) within the limits of any recorded plat of any city or village or of any recorded addition thereto, when such cemetery, lot or grounds shall be within one mile of any lot or block therein on which any building may then be erected; and no person, association or corporation shall lay out or establish any cemetery grounds or use any grounds for burial purposes except such as are now in use for such purposes without the limits of such plat or addition thereto and within two hundred rods of any inhabited dwelling standing on any lot or block in such city or village or addition thereto without first obtaining the consent of the municipal authorities thereof. . . . Any violation hereof shall be deemed a nuisance and may be restrained by injunction at the suit of any person. . . ."

It is insisted by appellant that this section does not prohibit the establishment of the cemetery in question (1) because plaintiff's dwelling is not in the same addition as the proposed cemetery grounds, and (2) because the section does not prohibit the establishment of a cemetery either within or without the limits of any recorded plat of any city or village, or of any recorded addition thereto, when such cemetery grounds shall be within one mile of any lot or block in such plat or addition on which any building may then be erected, if the consent of the common council of the municipality shall have been obtained. In other words, the contention is that the provision requiring consent of the municipal authorities relates to the first part of the section regarding cemeteries within the recorded plat as well as to cemeteries without the limits of the plat or addition.

1. We think the legislature intended to prohibit the establishment of cemetery grounds within the limits of the platted portion of a city or village and within one mile of any lot or block in such platted portion of such city or village upon which is erected any building. It is insisted by appellant that because the platted portion of the city of Hudson contains Dawson & Hall's addition and Lewis & Andrews' addition, and the proposed cemetery is in Dawson

& Hall's addition, the one-mile prohibition does not apply. As we have seen from the admitted facts, the plaintiff's residence, while in a different addition from that of the proposed cemetery grounds, is within a few rods of the west line of the proposed cemetery grounds, and said grounds so proposed to be used for burial of the dead are within less than 150 rods of the business center of the city of Hudson. We think it quite obvious that the construction claimed by appellant cannot be given the statute now under consideration, but, on the contrary, the true intent and meaning of the legislature was that the act prohibits the use of any grounds within the prohibited limit not in use at the time of the passage of the act for burial of the dead within any recorded city or village plat, whether such plat consists of one or more additions; the test being whether "within the limits of any recorded plat of any city or village or of any recorded addition thereto." If it be within these limits and not in use for cemetery purposes at the time of the passage of the act it violates the statute, if there be a building situate upon any lot or block within one mile of such proposed burial grounds and within the limits of any recorded plat or addition in such city or village. This, we think, is the manifest purpose of the statute, which has been construed by this court in *Pfleger v. Groth,* 103 Wis. 104, 79 N. W. 19, where the court said (103 Wis. 106, 79 N. W. 19):

"Sec. 1454, Stats. (1898), prohibits the establishment of any cemetery for burial purposes within the platted portion of any city or village in this state so as to approach nearer than one mile to any lot or block in the plat upon which there may be a building; also prohibits the laying out or establishment of any cemetery outside the platted portion of any city or village within 200 rods of an inhabited dwelling standing on any lot or block in such city or village, without first obtaining the consent of the municipal authorities thereof, and declares that any violation of the statute shall be deemed a nuisance and subject to abatement at the suit of any person aggrieved."

2. It is further insisted by appellant that the provision in the latter part of the section under consideration respecting the consent of municipalities is unqualified and applies to the whole section. We cannot think the legislature intended such construction. The section quite plainly provides for two classes, the first respecting the establishment of cemeteries for burial of the dead "within the limits of any recorded plat of any city or village or of any recorded addition thereto," and the other respecting grounds for burial of the dead without the limits of the plat or addition but within the prohibited distance therein stated. The consent of municipal authorities has reference to this latter class. We think these two classes within and without the plats are separate and distinct, and the prohibition in each was intended by the legislature to be independent of the other. The prohibition under the first class is absolute, while under the second it is subject to the will of the municipal authorities. This construction seems to have been recognized in *Pfleger v. Groth, supra*.

The view we take of the case renders it unnecessary to treat other questions discussed. The judgment of the court below is right and should be affirmed.

*By the Court.*—The judgment is affirmed.