State ex rel. Fulton v. Zimmerman, 191 Wis. 10.

State ex rel. Fulton, Relator, vs. Zimmerman, Secretary of State, and others, Defendants.

*September 18—September 27, 1926.*

*Constitutional law: Submission of question to electors: Referendum on amendment of Volstead Act: Power of legislature to refer to people: Procedure by joint resolution: Original jurisdiction of supreme court: To determine whether election officials should submit question.*

1. The original jurisdiction of the supreme court can be exercised in an action to restrain the submission to the voters of the state of the question whether Congress shall amend the Volstead Act so as to authorize the manufacture and sale of 2.75 per cent. beer, if the proposed submission be .invalid and unconstitutional, where, because of the brief time that would elapse before the election, there would be a denial of justice unless this court assumed jurisdiction. p. 14.

2. An injunction to restrain such submission is not warranted on the ground that the submission would result in the illegal expenditure of the taxpayers' money, where such expenditure would be only $15. p. 14.

3. In determining whether the legislature has acted outside the scope of its legislative functions, this court must approach that question with the purpose of sustaining the legislative action if possible by any reasonable construction thereof or by any reasonable construction of the constitution, all doubts of the power of the legislature to act in a matter alleged to be outside the scope of its legislative functions, or as to the legality of the action taken, being resolved in favor of the validity of the legislative action. p. 15.

4. The courts cannot interfere with legislative action alleged to be outside of the legislative function unless it is clear that the action taken is contrary to some mandate of the constitution. p. 15.

5. Legislative bodies have the inherent power to express the legislative will by joint resolution upon all matters which the constitution does not require to be adopted with the formalities prescribed as essential to the passage of a law. p. 16.

6. The legislature has power to submit to the voters at the general election for 1926 the question whether Congress shall amend the Volstead Act so as to authorize the manufacture and sale of 2.75 per cent. beer. p. 15.

State ex rel. Fulton v. Zimmerman, 191 Wis. 10.

7. Whether a joint resolution of the legislature which prescribed the manner in which such question was to be submitted to the voters performed the function of a law, and was invalid because not enacted in the form and manner of a law, not decided, because a prior joint resolution designated the question to be submitted and the statutes impose on the secretary of state the duty of submitting such question to the people. pp. 16, 17.

ORIGINAL ACTION, brought pursuant to leave granted, to restrain the submission to the voters of Wisconsin at the November, 1926, election of the question whether Congress shall amend the Volstead Act so as to authorize the manufacture and sale of 2.75 per cent. beer. The case was submitted on relator's demurrer to the answer. *Demurrer overruled.*

The legislature of 1925 adopted two joint resolutions in the following form:

*"Joint Resolution No. 42, S.*

"Providing for referendum relative to memorializing Congress to amend the National Prohibition Act.

"WHEREAS, The Eighteenth amendment to the constitution was ratified by the legislature of the state of Wisconsin without submission to a vote of the people; and

"WHEREAS, Under the 'concurrent' clause of said amendment the legislature of the state of Wisconsin provided for the manufacture and sale of non-intoxicating beer by chapter 556, Laws of 1919; and

"WHEREAS, Subsequent thereto the Congress of the United States passed the National Prohibition Act commonly known as the 'Volstead Act' limiting the alcoholic percentage of beverages to one half of one per cent. by volume; and

"WHEREAS, Subsequent thereto the supreme court of the United States ruled that the congressional enactment superseded the state enactment; and

"WHEREAS, A large portion of the citizens of this state are desirous that said National Prohibition Law be amended

so as to permit the lawful manufacture and sale within this state of palatable beer of an alcoholic percentage not in conflict with the provisions of the Eighteenth amendment; therefore, be it

"*Resolved by the Senate, the Assembly concurring,* That there be submitted to the voters of the state of Wisconsin at the general elections to be held in this state in November, 1926, the following question, so as to determine if a majority of the people of the state of Wisconsin desire the Volstead Act amended:

"Shall the Congress of the United States amend the 'Volstead Act' so as to authorize the manufacture and sale of beer, for beverage purposes, of an alcoholic percentage of 2.75 % by weight, under government supervision but with the provision that no beverage so purchased shall be drunk on the premises where obtained?"

*Joint Resolution No. 74, S.*

"Directing the secretary of state to place the question submitted to the people by this legislature in Joint Resolution No. 42, S., upon the official referendum ballot to be used in the general election in November, 1926, in compliance with section 6.68 of the Statutes.

"Whereas, Section 6.68 of the Statutes provides that, 'Whenever any constitutional amendment shall have been submitted to the people, or any other question or proposition shall be submitted by the legislature to a vote of the people, the votes for and against such amendment, question or proposition shall be taken, canvassed, certified and recorded, and certified copies of the statement thereof shall be made and transmitted by each county clerk to the secretary of state in the manner the votes for state officers are to be taken, canvassed, certified and recorded and statements thereof are to be certified and transmitted.' And

"Whereas, Section 1 of article IV of the state constitution provides that 'the legislative power shall be vested in a Senate and Assembly;' and

"Whereas, Both the Senate and Assembly in Joint Resolution No. 42, S., have submitted the following question to a vote of the people at the general election to be held in November, 1926: 'Shall the Congress of the United States amend the "Volstead Act" so as to authorize the manufacture

and sale of beer for beverage purposes, of an alcoholic percentage of 2.75 per cent. by weight, under government supervision but with the provision that no beverage so purchased shall be drunk on the premises where obtained?' Now, therefore, be it

"*Resolved by the Senate, the Assembly concurring,* That the secretary of state be and he is hereby instructed to place the said question on the Official Referendum Ballot to be used in the general election to be held in November, 1926, and that the vote thereon shall be taken, canvassed, certified and recorded and copies of the statement thereof certified and transmitted to the secretary of state as provided by law in section 6.68, in accordance with which this question is submitted to the people by the legislature."

Neither of these resolutions was presented to nor approved by the governor.

*Walter H. Bender* of Milwaukee, for the relator.

For the defendants there was a brief by the *Attorney General* and *C. A. Erikson,* deputy attorney general, and oral argument by *Mr. Erikson.*

The following opinion was filed October 11, 1926:

STEVENS, J.  1. The briefs present the question whether the case is one in which this court ought to exercise its original jurisdiction.  The case involves the right of the legislature to secure an expression of opinion by the entire electorate of the state upon a question of great public interest and of vital importance to all the people of the state.  Nothing could more vitally affect the sovereignty of the state, its franchises and prerogatives or the liberties of its people than to deprive the people of the state of the right to express their will at the ballot box.  This right is one of the foundation stones upon which democratic government must rest. An unwarranted attempt to check the free expression of opinion, to forbid the peaceable assemblage of the people at the ballot box or to obstruct the freedom of elections, if successful, would result in the overthrow of all liberty

regulated by law. *Thompson v. Mahoney,* 136 Ill. App. 403, 405; *Power v. Ratliff,* 112 Miss. 88, 72 South. 864, 866.

The case does not concern the rights of private suitors, but the right of the electorate of Wisconsin to express its will at the ballot box as well as the right to have the ballot protected from intrusion thereon of a question which it is alleged may not legally be placed thereon.

The relator seeks to control the action of state officers as to a matter which affects the interests of the people of the state at large on the ground that these officers are proposing to act under an invalid and unconstitutional expression of the legislative will. Because of the brief time that will elapse before the election there will be a denial of justice unless this court assumes jurisdiction, because otherwise there can be no final determination of this matter until after the election is held. Very clearly this is a case in which the original jurisdiction of this court can be and ought to be exercised. *Income Tax Cases,* 148 Wis. 456, 498, 499, 134 N. W. 673, 135 N. W. 164.

2. The demurrer admits the allegation of the answer that the entire expense to the state incident to the submission of this question to the people will not exceed fifteen dollars. Manifestly this sum is too trifling in amount to warrant a court of equity in enjoining the submission of this question, even if it should appear that such submission will result in the illegal expenditure of that amount of the taxpayers' money.

3. The relief which the relator seeks is that this court shall nullify the action of a co-ordinate branch of the state government upon a purely political question because:

*First.* These resolutions submit a question that is not within the scope of the legislative function of a state.

*Second.* That, if within the legislative function of a state, the legislature has no power to submit such a question by

State ex rel. Fulton v. Zimmerman, 191 Wis. 10.

a joint resolution; that such submission must be by an act of the legislature passed in the form and in the manner prescribed by the constitution for the enactment of a law.

*First.* The objection that the resolutions submit a question that is not within the scope of the functions of the state legislature is based upon the ground that the result of the referendum will not aid the legislature of Wisconsin in the performance of its functions, inasmuch as Congress alone has the power to pass the legislation outlined in this question. In determining whether the legislature has acted outside the scope of its legislative functions we must approach that question with the deference which is due the action of a co-ordinate branch of the state government,— with the purpose of sustaining the action taken by the legislature if possible by any reasonable construction of the action taken or by any reasonable construction of the constitution. All doubts as to the power of the legislature to act in this matter or as to the legality of the action taken must be solved in favor of the validity of the action of the legislature. The courts cannot interfere with such legislative action unless it is clear that the action taken is contrary to some mandate of the constitution. Viewing the resolutions in this light, we have no doubt of the power of the legislature to submit this question to a vote of the people of the state.

The federal government is our government none the less because we have a subordinate independent government of our own within it. The people of Wisconsin have a right to express their will to their representatives in Congress as well as to their representatives in the legislature. The enforcement of the prohibition amendment lies within the field in which the legislature has concurrent power with Congress. The particular legislation outlined in the question submitted must be enacted by Congress because it calls for an amendment of a federal act. But it by no means follows that an expression of the will of the voters upon this particular

question will not give the legislature of Wisconsin information which will aid it in the proper discharge of its duties in the exercise of its concurrent power to pass appropriate legislation to enforce the Eighteenth amendment.

*Second.* It is not necessary to determine whether the legislature has the power by joint resolution to impose the duty upon the secretary of state of submitting this question to a vote of the people, unaided by any general law requiring such submission, because the legislature has by secs. 6.10, 6.19, 6.22, 6.23, 6.68, and 6.71 of the Statutes effectively prescribed every step to be taken in the submission of this question to a vote of the people. These sections are a part of the general laws of the state passed in full compliance with every mandate of the constitution prescribing the method of enacting laws. When the legislature designates the question that is to be submitted to the people, these statutes prescribe what the secretary of state shall do to carry out the will of the legislature. Sub. (8), sec. 6.23, of the Statutes expressly imposes the duty on the secretary of state to submit such questions when their submission is directed by resolution as well as by act of the legislature.

The constitution vests the legislative power in the senate and assembly. The only limitations upon the exercise of that power by the legislature are those found in the state and federal constitutions. Neither constitution prohibits the use of a joint resolution for the purpose of designating questions to be submitted to the people.

Among the commonly recognized inherent powers of all legislative bodies is the power to express the legislative will by joint resolution upon all matters which the constitution does not require to be adopted with the formalities prescribed as essential to the passage of a law. .

Relator urges that joint resolution 74 performs the function of a law in that it prescribes the manner in which this question is to be submitted to the people, and that it is

invalid because the legislature did not comply with the provisions of the constitution prescribing the form and the manner of enacting a law. Even if the position of the relator be sound—a question not determined,—still it does not follow that the relator is entitled to the relief demanded. Joint resolution 42 was not repealed by joint resolution 74. Joint resolution 74 was passed for the purpose of giving force and effect to joint resolution 42. Joint resolution 42 does not attempt to perform the functions of a law, but is confined to a single function of designating the question to be submitted. When that joint resolution was passed, ch. 6 of the Statutes made it the duty of the secretary of state to take the steps essential to put this question upon the ballot at the coming November election.

It follows that the relator is not entitled to the relief demanded and that his demurrer to defendants' answer must be overruled.

*By the Court.*—So ordered.