GERALD C. NICHOL, District Attorney of Dane County
Your predecessor has requested my opinion on several questions relating to the Wisconsin anti-secrecy law, sec. 66.77, Stats., renumbered from sec. 14.90, Stats., by ch. 276, s. 62, Laws of 1969.
The request does not specify which type of governing or administrative body is concerned. Some governing bodies exercise legislative and administrative tasks and some also exercise quasi-judicial powers.
Both sec. 66.77 and sec. 19.21 (2), Stats., renumbered from sec. 18.01
(2), Stats., by ch. 259, s. 6, Laws of 1969, *Page 10 
recognize that each state and local governing and administrative body or officer may be subject to express law with respect to the necessity for holding open meetings and permitting the inspection of documents. Other laws specifically require publication of ordinances before they become effective and the publication of proceedings.
Absent a specific fact situation involving a given body, it is impossible to render an opinion which will be meaningful in every incident which may arise. In any specific case the statutes applicable to the body involved must be examined in addition to the provisions of secs. 66.77 and 19.21, Stats. Special statutes will be construed together with secs. 66.77 and 19.21, Stats. State ex rel. Cities Service Oil Co.v. Board of Appeals (1963), 21 Wis.2d 516, 537, 124 N.W.2d 809. However, see State ex rel. Journal Co. v. County Court (1969), 43 Wis.2d 297,168 N.W.2d 836, as to special considerations applicable to special statutes pertaining to specific officers requiring public inspection, where statute is antecedent to former sec. 18.01, Stats.
This opinion is not concerned with either house of the state legislature. While secs. 66.77 and 19.21, Stats., appear to be generally applicable to those bodies, either house specially acting pursuant to Art. IV, sec. 10, Wis. Const., can exercise reasonable secrecy as to meetings and publication of proceedings when it determines such measures are required in the interests of the public welfare.
The questions relate to executive or closed sessions held under subsec. (3) of sec. 66.77, Stats. For the purposes of this opinion I will assume that all executive sessions discussed herein are legally held under subsec. (3).
Question 1: "If a resolution is considered in executive session, must the resolution be made public?"
Section 66.77 (2), Stats., provides in part:
"* * * No formal action of any kind, except as provided in sub. (3),shall be introduced, deliberated upon or adopted at any closed session or closed meeting of any such body, or at any reconvened open session during the same calendar day *Page 11 
following a closed session. No adjournment of a public meeting into a closed session shall be made without public announcement of the generalnature of the business to be considered at such closed session, and noother business shall be taken up at such closed session." (Emphasis added.)
I am of the opinion that consideration of a resolution, including introduction, deliberation on, rejection or adoption, is formal action
within the meaning of sec. 66.77 (2), Stats.
Resolutions may take many forms. To be entitled to consideration at a closed session, any resolution must be pertinent to a proper purpose for which a closed session may be held under sec. 66.77 (3), Stats., and within the limits of the public announcement of the general nature of the business to be considered at the closed session of the meeting publicly called or adjourned for closed session. Sec. 66.77 (2); 54 OAG iii, vi (1965).
Webster's Third International Dictionary defines "resolution" as "a formal expression of opinion, will, or intent by an official body or assembled group; also: a declaration submitted to an assembly for adoption."
An oral motion passed by a county board, common council, or school board thereupon becomes a "resolution."
 Meade v. Dane County (1914), 155 Wis. 632, 145 N.W. 239; City of Green Bay v. Brauns (1880), 50 Wis. 204, 6 N.W. 503;
 Lindahl v. Independent School District No. 306 (1965), 270 Minn. 164, 133 N.W.2d 23, 26.
When passed by a legislative body, a resolution may have the effect of law. Sec. 59.02 (1), (2), Stats.
At page 612 of Meade v. Dane County it is stated:
"While there are in some instances and for some purposes fundamental distinctions between an ordinance ad a resolution, there is no such broad distinction between a resolution and other acts of an administrative orquasi-legislative board. Almost any one of these acts not required to be by ordinance may be in the form of a resolution." *Page 12 
Also see Wisconsin Gas E. Co. v. Fort Atkinson (1927), 193 Wis. 232,244, 213 N.W. 873, and State ex rel. Fulton v. Zimmerman (1926),191 Wis. 10, 16, 210 N.W. 381.
Ordinarily, bodies not having legislative power take formal action by resolution.
The question of whether a resolution considered at a legally held closed session must be made public is not, however, determined under sec. 66.77, Stats., but rather is more correctly considered under the provisions of sec. 19.21, Stats., or other special statute which regulates the keeping of public records and, particularly, under sec. 19.21 (2), which requires that such records be available for examination and copying and in that sense be made public. The distinctions between secs. 66.77 and 19.21, are more technical than real because the Wisconsin Supreme Court has interpreted the provisions of sec. 19.21 according to the policies expressed in sec. 66.77. See State ex rel. Youmans v. Owens
(1965), 28 Wis.2d 672, 137 N.W.2d 470; Beckon v. Emery (1967),36 Wis.2d 510, 153 N.W.2d 501.
In International Union v. Gooding (1947), 251 Wis. 362, 369,29 N.W.2d 730, the Supreme Court stated that where sec. 19.21, Stats., is applicable, the officer concerned is required to keep and public inspection extends to three specific kinds of papers:
"(1) Such books, papers, records, etc., as are required by law
to be filed, deposited, or kept in his office; (2) books, papers, etc., in his possession as such officer; (3) books, papers, etc., to the possession of which he is entitled as such officer."
In most cases any resolution would have been reduced to writing and would be at least a "paper" in possession of an officer or a paper to the possession of which he is entitled as such officer. Where sec. 19.21, Stats., was the only statute applicable, the officer could only avert examination and copying by giving specifically stated sufficient reasons as to why he believes inspection would be contrary to the public interest as required by the Youmans case, supra. Becon v. Emery, supra. Where a statute, or resolution of a superior *Page 13 
body such as a county board, requires publication of proceedings or requires a report, reduction of resolutions to written form is incumbent upon the minor deliberative body concerned.
Special consideration must, however, be given where any specific statute, antecedent to former sec. 18.01, Stats., provides for the right of inspection as to the records of any specific body. Former sec. 18.01, the predecessor to sec. 19.21, Stats., was created by ch. 178, Laws of 1917.
Section 19.21, Stats., which provides for examination and copying of public documents, was a restatement of the common law and the right of inspection is absolute, subject only to the common-law limitation that inspection need not be permitted if there is a specific showing that the public interest would be adversely affected. In State ex rel. Youmans v.Owens (1965), 28 Wis.2d 672, 137 N.W.2d 470, 139 N.W.2d 241, the court set forth a procedure for judicial determination of whether, in cases governed by the common law, specific harmful effect upon the public interest outweighed benefits to be obtained by following the general public policy of permitting inspection. However, common-law limitations are not applicable to other statutes, antecedent to former sec. 18.01, Stats., which impose upon particular officers the duty to keep certain records and which evidence an express or implied legislative intent that such records be open to public inspection. In State ex rel. Journal Co.v. County Court (1969), 43 Wis. 297, 168 N.W.2d 836, the court held that sec. 59.14 (1), Stats., was a legislative declaration independent and in substitution of the common law and posed no requirement that a person have a special interest in the subject matter of the document and that the right of inspection was absolute, and that the county judge had no right to suppress a decision from the public after it had been made available to the parties.
It is my opinion that any resolution considered by a minor governing or administrative body which has a duty to keep a record of its proceedings or has a duty to report its actions to a superior governing body, must, as a general rule, be made public. *Page 14 
I have reached that conclusion, in part, upon examination of the statutes relating to records to be kept involving meetings of local units of government. In the case of cities, sec. 62.11 (4) (a), Stats., provides:
"Proceedings of the council shall be published * * *. The proceedings for the purpose of publication shall include the substance of every official action taken by the governing body. * * *"
Also see sec. 62.09 (11), (b), (c), (d), (f), Stats.
For village boards see secs. 61.32 and 61.25 (4), Stats., and for town board meetings and town meetings, see sec. 60.45 (1), (7), (9), Stats. For county boards see secs. 59.09 (2), 59.17 (1), (2), (14), 59.09, Stats.
Section 59.06 (1), Stats., provides that county boards may establish committees "designating the purposes * * * prescribing the duties * * * and manner of reporting."
Examination of all statutes relating to all bodies, boards, commissions, committees and agencies that may be covered by sec. 66.77, Stats., would be exceedingly tedious and, by and large, not very fruitful. Specific provisions to the contrary, all meetings are essentially governed by the provisions of sec. 66.77 itself, and statutory provisions, such as discussed above, requiring local units of government to hold open meetings will be construed together with sec. 66.77. State ex rel. Cities Service Oil Co. v. Board of Appeals, supra. The previously cited statutory sections provide us, however, with a useful basis for analogy and clearly demonstrate a legislative intent that resolutions, considered by a minor governing or administrative body which has a duty to keep a record of proceedings or report its actions to a superior governing body, be made public.
Question 2: "May a body, board, commission, committee or agency not acting in a quasi-judicial capacity formally vote in executive session or must it, after deliberating in executive session thereafter vote at a reconvened open session?"
In Cities Service Oil Co. v. Board of Appeals, supra, the court held that the specific provisions of sec. 66.77, Stats., *Page 15 
applied to the more general open meeting provision contained in sec. 62.23
(7) (a), Stats. The court concluded that the Board of Zoning Appeals acted properly when, after an open hearing, it held closed sessions to deliberate the decision, stating that:
"When the two statutes are construed together we think it clear that where a municipal board, such as the instant Board of Appeals, is acting in a quasi-judicial capacity, all meetings in the nature of hearings held on a pending appeal must be open to the public, but that closed executive sessions may then be held for the purpose of deliberating to determine what decision should be made. * * *" 21 Wis.2d at 537.
This court stated that the board could properly take a formal vote at such a closed session because voting was an integral part of the deliberative process. It follows that a body or board acting in a quasi-judicial capacity may take formal vote after deliberations at a meeting closed pursuant to subsec. (3) (a).
In a recent decision, the Supreme Court determined that a particularformal action of a body not acting in a quasi-judicial capacity could not be taken at a closed session under subsec. (3) (d). In Board of SchoolDirectors of Milwaukee v. WERC (1969), 42 Wis.2d 637, 168 N.W.2d 92, the court agreed with, and adopted the conclusion of my predecessor in 54 OAG vi (1965), where it was stated that wage negotiations between a municipality and a labor organization could be held at a closed session under subsec. (3) (d). However, the court went on to quote the language of the attorney general's opinion with approval and held that:
"* * * the formal introduction, deliberation and adoption by the elected body of the bargaining recommendations must be at open meetings. * * *" 42 Wis.2d at 653.
From the preceding cases it can be seen that subsec. (3) performs a dual function in providing for specific exceptions to the blanket prohibition of closed meetings contained in subsec. (2). First of all, it defines the situations where the legislature thought that open meetings might be incompatible *Page 16 
with the conduct of governmental affairs or the transaction of governmental business so that public bodies should have the discretionary authority to close meetings. See 57 OAG 213, 214-215 (1968). Secondly, subsec. (3) also acts to define what formal actions can be taken at a meeting properly closed under subsec. (3). The cases also suggest that a case-by-case and situation-by-situation approach will be necessary in order to determine what formal actions can be taken.
Section 66.77 (2), Stats., uses the language:
"* * * No formal action of any kind, except as provided in sub. (3),shall be introduced, deliberated upon or adopted at any closed session * * *." (Emphasis added.)
The statute contemplates that certain formal actions, if within the exceptions set forth in subsec. (3), can be adopted at a closed session. Minor governing or administrative bodies adopt proposals by voting, with a majority of the quorum prevailing, absent specific statute to the contrary. See sec. 990.001 (8) and (8m), Stats.
Since only two cases dealing with relatively specific situations have been decided, I cannot formulate an opinion regarding which formal actions can be taken at closed sessions that would apply to all subjects considered by all the various state and local bodies and boards covered by sec. 66.77, Stats. I am of the opinion, however, that the basic guideline for decision in any particular situation has been provided us by the legislature. Thus, just as meetings should be closed under subsec. (3), only where an open meeting would be incompatible with the conduct of governmental affairs or the transaction of governmental business, formal action, by vote, may be taken at a closed meeting only where open formal action would be incompatible with the conduct of governmental affairs or the transaction of governmental business.
Question 3: "If such body, board, commission, committee or agency can lawfully, formally vote in closed session, must the result of the vote and the vote of each of the voting members thereafter be made public?" *Page 17 
I am of the opinion that the "result" of the vote must be made public. Where the formal action was positive in nature, no purpose would be served by secreting the action. The "result" of the vote may, however, be limited in certain cases to a report of "adoption" or "rejection" of a given resolution. Absent statute, or rule of a given minor governing or administrative body, there is no requirement that there be a roll call of votes or that the numerical split of votes be recorded.
I am of the opinion that where such a body does take a vote and records the same, public inspection of such paper is available to any person, subject to the limitations applicable to sec. 19.21, Stats., set forth inState ex rel. Youmans v. Owens; Beckon v. Emery; and State ex rel.Journal Co. v. County Court, and any special statute applicable to such body. I am not aware of any substantial reason why such record should not be immediately available to the public.
While there are a number of statutes which require more than a majority of a quorum, or of those elected, to formally act in a given area, few statutes require recordation of a roll call vote.
Section 59.17 (1), Stats., requires the county clerk to:
"* * * record the vote of each supervisor on any question submitted to the board, if required by any member present * * *."
Section 119.04 (5), Stats., applicable to the Milwaukee School Board, provides:
"(5) All elections or appointments of members and officers, authorized by law to be made by such board of school directors, shall be made by roll call vote. The records of such votes shall be entered by the secretary-business manager in the minutes and the printed proceedings of such board."
It is for the legislature to determine whether the public is entitled to know how each member voted. However, if such records are kept, they should be available for public inspection. *Page 18 
An administrative agency speaks only through its records. It is therefore incumbent that every minor administrative body as well as every legislature and quasi-judicial body keep and maintain adequate records to support actions taken by them. When such records exist, they are available for public inspection subject to the limitations herein set forth.
RWW:RJV