RICHARD L. HAMILTON, Corporation Counsel Outagamie County
Your predecessor requested my opinion whether a county executive in a county under 500,000 population has veto power with respect to:
 1. Resolutions creating special or standing committees of members of the county board where the board acts pursuant to sec. 59.06, Stats.
 2. Semipermanent rules of procedure proposed by the county board. *Page 183 
You indicate that the board may have power to adopt rules by motion rather than resolution.
It is my opinion that rules of procedure must be adopted by resolution or ordinance and that the county executive has veto power in the two situations referred to first above. Your predecessor indicated that this result places great power in the county executive. I agree. But, the Wisconsin Constitution and statutes provide for a balancing of power and provide that the county board may override a veto by the county executive by vote of two-thirds of the members-elect.
Section 59.02, Stats., provides:
 (1) The powers of a county as a body corporate can only be exercised by the board thereof, or in pursuance of a resolution or ordinance adopted by it.
 (2) Ordinances and resolutions may be adopted by a majority vote of a quorum or by such larger vote as may be required by law. Ordinances shall commence as follows: "The county board of supervisors of the county of . . . . do ordain as follows".
 (3) A majority of the supervisors entitled to a seat on the board shall constitute a quorum. All questions shall be determined by a majority of the supervisors present unless otherwise provided.
Section 59.06 (1), Stats., provides:
 The board may, by resolution designating the purposes and prescribing the duties thereof and manner of reporting, authorize their chairman to appoint before June 1 in any year committees from the members of the board, and the committees so appointed shall perform the duties and report as prescribed in such resolution.
Much important county business is conducted by committees of the county board. The statute provides that such committees must be established by resolution. Whereas appointment of committee members is solely for the board chairman, it is my opinion that adoption of such resolution involves matters of substance as well as procedure and is subject to submission to the county executive. See sec. 59.032 (2) (a), Stats., as to the duty of a county executive to *Page 184 
"[c]oordinate and direct . . . all administrative and management functions of the county government not otherwise vested by law in boards or commissions, or in other elected officers."
Wisconsin Constitution art. III, sec. 23A, provides:
 Every resolution or ordinance passed by the county
board in any county shall, before it becomes effective, be presented to the chief executive officer. If he approves, he shall sign it; if not, he shall return it with his objections, which objections shall be entered at large upon the journal and the board shall proceed to reconsider the matter. Appropriations may be approved in whole or in part by the chief executive officer and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for in other resolutions or ordinances. If, after such reconsideration, two-thirds of the members-elect of the county board agree to pass the resolution or ordinance or the part of the resolution or ordinance objected to, it shall become effective on the date prescribed but not earlier than the date of passage following reconsideration. In all such cases, the votes of the members of the county board shall be determined by ayes and noes and the names of the members voting for or against the resolution or ordinance or the part thereof objected to shall be entered on the journal. If any resolution or ordinance is not returned by the chief executive officer to the county board at its first meeting occurring not less than 6 days, Sundays excepted, after it has been presented to him, it shall become effective unless the county board has recessed or adjourned for a period in excess of 60 days, in which case it shall not be effective without his approval.
Section 59.032 (6), Stats., repeats the language of Wis. Const. art. III, sec. 23A, in identical form.
In 9 Op. Att'y Gen. 573 (1920), it was stated that an oral motion when adopted by a county board becomes a resolution. Alsosee, Meade v. Dane County, 155 Wis. 632, 145 N.W. 239 (1914); andGreen Bay v. Brauns, 50 Wis. 204, 6 N.W. 503 (1880). In 44 Op. Att'y Gen. 205 (1955), it was stated that where the county board adopts the recommendation of one of its committees, such action has the same effect as passing a resolution. *Page 185 
County boards act by resolution or by ordinance in most matters. There is a class of board actions such as motions to table, refer to committee study, and so forth, which are clearly not subject to veto. There is limited case support for the proposition that rules relating to legislative procedure, e.g., rules governing referrals to committee of proposed ordinances or resolutions, or rules governing motions to recess or adjourn, are not subject to veto. See Morris v. Cashmore, 3 N.Y.S.2d 624,253 App. Div. 657 (1938). I note that internal procedural rules of county boards are intended for the orderly administration of board business. Such rules need not be complied with strictly, so far as the board itself is concerned. Failure of a county board to follow its own procedural rules will not void board action, in most cases, so long as the board complies with procedures required by statute. Bartlett v. Eau Claire County, 112 Wis. 237,245, 88 N.W. 61 (1901), 27 Op. Att'y Gen. 21 (1938), 52 Op. Att'y Gen. 57 (1963).
In general, if rules, even though arguably procedural, relate to executive matters and the administration of law, then clearly they are subject to the veto power unless there is express statutory provision to the contrary.
BCL:RJV