JOHN MURPHY

v.

THE CITY OF PEORIA.

*Filed at Ottawa January 25, 1887.*

1. MUNICIPAL CORPORATIONS — *of their powers — as to the mode of improving streets.* Where a city, by special charter, is invested with the exclusive control of its streets, and with power to regulate and improve the same, the manner in which they may be improved, must in a large measure be left to the discretion of its authorities; and they may rightfully cause a street to be graded, and when its entire width is not needed for travel, they may cause a strip in the centre thereof to be sodded, instead of graveling the entire street, and provide for the payment of the cost thereof by special assessment upon the property benefited thereby.

2. SAME—*of a single improvement embracing different elements.* A city, under its general power to improve its streets, may properly provide, by ordinance, that a street shall be improved, by grading the same, the sodding of the centre thereof, the graveling of the sides, and for the construction of a sewer under the same; and this will constitute but one improvement, although containing different elements.

3. SPECIAL ASSESSMENTS—*powers of municipalities—as to character of improvements to be made.* Where a city acting under a special charter has adopted article 9 of the general act in relation to cities and villages, it will have the power to construct sewers under its streets by special assessment, without regard to its powers in this respect under its special charter.

4. SAME—*appointment of commissioners—at a probate term of county court.* The county court is authorized by the statute, on petition to appoint commissioners to make a special assessment for the improving of a street by a city, at a probate term, although the final hearing of the application to confirm the assessment may be required to be at a law term, as held in the case of *East St. Louis* v. *Wittich,* 108 Ill. 450.

5. SAME—*of the notice of confirmation—its sufficiency.* An affidavit of one of the commissioners appointed to make a special assessment, showing that he had, on a day named, mailed to each of the owners of the premises assessed, as per the assessment roll, whose names and place of residence were known to him, a notice of the application for confirmation, giving a copy of the notice, is insufficient to give the court jurisdiction to render judgment against the lands of those not appearing. The statute (Rev. Stat. art. 9, chap. 24, secs. 26, 27, 28,) requires notice to be sent to each owner whose name and place of residence are known to any one of the commissioners.

6. Each owner whose name and residence may be known to any one of the commissioners, is entitled to notice; and the affidavit, in order to give the court jurisdiction, must show a compliance with this provision of the statute.

7. Same—*waiver of defect in notice.* Owners of premises specially assessed for a proposed public improvement, who appear and file objections to the confirmation of the assessment, will thereby waive any and all defects in the notice of the application for a judgment of confirmation.

Writ of Error to the County Court of Peoria county; the Hon. Lawrence W. James, Judge, presiding.

Messrs. Jack & Tichenor, and Messrs. McCulloch & Mc-Culloch, for the plaintiff in error.

Mr. I. C. Pinckney, and Mr. H. W. Wells, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

This is a writ of error, brought by plaintiffs in error, to reverse a judgment of the county court of Peoria county, confirming a special assessment for the improvement of Hamilton street, in the city of Peoria. The ordinance under which the improvement is proposed to be made, provides, that the street shall be graded and graveled; that twenty-four feet in width in the center of the street shall be graded, and sodded with good sod; that a sewer shall be constructed in said street, of eighteen-inch vitrified pipe.

It is urged that the action of the city council was in violation of its delegated powers,—first, in attempting to levy a special assessment for grading and sodding a park in the middle of the street; second, in attempting to levy a special assessment for the construction of a sewer, the charter providing taxation by districts for that purpose; third, in uniting in one assessment the cost of several improvements, which, in their nature, can not be united.

As to the first objection, it will be necessary to refer to some of the provisions of the charter of the city. Under section 1, chapter 6, of the charter, (2 Private Laws of 1869, p. 136,) the city council has power "to lay out public streets, alleys, lanes, avenues and highways, and extend, alter, widen, contract, straighten and discontinue the same, purchase and lay out public parks and squares or grounds; third, to cause any street, alley, lane, avenue or highway to be filled, graded, leveled, paved, curbed, walled, graveled, macadamized or planked, and keep the same in repair; fourth, to cause cross and sidewalks, main drains and sewers, * * * and private drains, to be constructed and laid; fifth, to fill, grade, improve, protect and ornament any public square." Section 2 provides: "The expenses of any improvement mentioned in the section (1) shall be defrayed, save as herein otherwise provided, by a special assessment upon the real estate benefited thereby." In addition to the foregoing, under section 7, chapter 4, of the charter, the city council has power to control, regulate, repair and amend the streets; also, to open and vacate, to establish and alter the grade.

It is obvious, from these various provisions, that the control of the streets, and the power to improve, is placed in the hands of the city council, and in the exercise of these powers the manner of the improvement must, of necessity, to a large extent, be left to the discretion of that body. It is true, that the charter does not, in express words, declare that the city council may grade and sod a portion of the street, but we think it is manifest that such power is included under the general authority to control and improve, conferred on the city council by the charter. Where a street is of such a width that the entire street is not needed for the public travel, and the city council deem it wise to sod a portion thereof, instead of graveling the entire street, we see no good reason why they may not properly, under the general power to control and improve, adopt that method of improvement.

As to the second objection.   Under clause 4 of section 1, *supra,* the city council has power to construct sewers, and under section 2 the expenses may be defrayed by special assessment.   If, however, there was any doubt in regard to the authority under the special charter, the city of Peoria adopted article 9 of the act in relation to cities, villages and towns, and under this article there can be no question as to the power to construct sewers by special assessment.

As to the third objection, that three distinct improvements are united in one, we do not regard the point as well taken. It is true that the ordinance provided for graveling the road, sodding the center of the street, and a sewer under the street, but we do not regard these as separate and distinct improvements, as was that in *Weckler* v. *City of Chicago,* 61 Ill. 142, but the three things required to be done are but constituent parts of one improvement.   The three elements required, when all united, made the improved street contemplated by the ordinance.   A projected improvement may often contain several elements, but when they are all united they constitute a single, whole, one improvement.   Such is the case here. The improvement consisted of three elements, but when the work is all done there is but a single improvement.

It is next urged that the appointment of commissioners is void, because made at a probate term of the court.   This position is predicated on *East St. Louis* v. *Wittich,* 108 Ill. 450, where it was held that the proceeding on application to confirm a special assessment must be had at a law term of the county court.   We do not think the case cited has any bearing on the question involved here.   Section 21, chapter 24, of the statute, provides, that the city council may order a petition to be filed in the county court.   Section 22 specifies what the petition may contain.   Section 23 provides that upon the filing of such petition the court shall appoint three commissioners.   As to what term of the county court the commissioners shall be appointed the statute is silent, and

we see no reason why they may not be appointed as well at a probate as any other term of the county court. If, however, there was room for controversy upon the question, section 5 of the act of March 26, 1874, conferring jurisdiction on the county court, (Starr & Curtis, 718,) would seem to be conclusive. The section, after conferring jurisdiction on the county court of all probate matters, proceedings for the collection of taxes and assessments, and other matters, concludes as follows: "All of which, except as hereinafter provided, shall be considered as probate matters, and be cognizable at the probate terms hereinafter mentioned." Under this section of the statute the county court was expressly authorized to appoint the commissioners at a probate term, although the final hearing, on application to confirm, may be required to be had at a law term, under sections 31 and 32, of article 9, of the statute in relation to cities, as held in the case cited.

On the final hearing in the county court, wherein a judgment confirming the assessment was entered, seven of the plaintiffs in error, Mrs. Norris Pitt, Belle C. Topping, August Siebold, W. G. Buchanan, E. G. Calligan, Daniel J. Calligan and William J. Dobbins, did not appear, and as to them it is contended that the notice given by the commissioners was not sufficient to authorize the court to proceed to judgment. Section 26, of article 9, chapter 24, of the Revised Statutes, requires the commissioners to make an assessment roll, in which shall appear the names of the owners, so far as known. Section 27 makes it the duty of the commissioners to give notice of such assessment, and the term of court at which a final hearing will be had, in the following manner: They shall send by mail to each owner of premises assessed, whose name and place of residence are known to them, a notice of a specified form. Section 28 prescribes the proof of such notice, as follows: "On or before the final hearing, the affidavit of one or more of the commissioners shall be filed in said court,

stating that they have sent, or caused to be sent, by mail, to the owners whose premises have been assessed, and whose names and place of residence are known to them, the required notice."

The proof of a compliance with the statute as to service of notice, was the affidavit of one of the commissioners, as follows: "Herbert F. Day, one of the commissioners appointed by the county court of Peoria county, in the matter of the special assessment for the improvement of Hamilton street, from the north-west side of Monroe street to the east side of North street, being duly sworn, says, that he has this day mailed to each of the owners of the premises assessed, as per the foregoing assessment roll, whose names and place of residence were known to affiant, a notice, of which a true and correct copy is hereto attached, and marked Exhibit 'B.'" It is manifest that this is not a compliance with the statute. The statute evidently requires a notice to be sent to each owner whose name and place of residence may be known to any one or either of the commissioners; and an affidavit by one of the commissioners, that he mailed a notice to each owner known to *him*, does not show that notice was mailed to the owners whose names and residence were known to the other commissioners. For aught that appears, the other two commissioners may have known the name and residence of every owner whose property was assessed, while the commissioner making the affidavit may not have known one-tenth of the owners' names and residence. Each owner whose name and residence may be known to any one of the commissioners is entitled to notice, and the affidavit, in order to give the court jurisdiction, should show a compliance with this provision of the statute. As to those who appeared and filed objections to the confirmation of the assessment, their appearance was a waiver of any and all defects in the notice; but as to those who did not appear, the court had no jurisdiction to proceed against their property.

On account of the defect in the notice, the judgment, as to the seven plaintiffs in error above named, will be reversed; as to the other plaintiffs in error, all of whom appeared, it will be affirmed, and the cause will be remanded.

*Judgment reversed in part and in part affirmed.*