## Holmes v. Heeter & Son.

(Decided January 3, 1912.)

### Appeal from Kenton Circuit Court
### (C. L. & E. Division).

Municipalities—Street Improvement—Sodding Sidewalk.—Where in the judgment of the council, an entire sidewalk is not needed for public travel, it may, after paving with cement, or other suitable material, such part thereof as will, in its judgment, be required for public travel, sod the remainder and assess the entire reasonable cost against the abutting property. Certainly no more effective means of protecting the sidewalk could be adopted than the leveling and sodding of the ground on either side of the cement walk.

SCHMIDT & HOLMES for appellant.

SHAW & WARE, ORIE S. WARE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal presents for review a judgment of the Kenton Circuit Court, Law and Equity Division, awarding appellees a lien upon certain real estate in the city of Covington, owned by appellant, for the sum of $104.10, with legal interest from December 7th, 1908, and costs of the action, and directing a sale of the property to pay same.

The lien asserted in the action arose out of the construction of a sidewalk in front of the property in question, which work was done by appellees, as contractors, under certain ordinances of the city of Covington, specifying the material to be used, the manner of doing the work, accepting it when completed, apportioning the cost to appellant's property, and issuing to appellees a warrant therefor. Certified copies of the ordinances referred to, and all proceedings of the general council of the city of Covington respecting the construction of the sidewalk, were filed with the petition, and it is not contended that the petition omits any averment essential to the enforcement of appellees' lien. It appears, however, that the width of the sidewalk in front of appellant's lot and all others on the same street, is fifteen feet, and that the ordinance for its construction required it to be made of cement or artificial stone to the width of five feet, the remainder to be leveled and sodded.

Therefore, the sidewalk in front of appellant's lot, as constructed by appellees, consists of cement or artificial stone, five feet in width, and on each side thereof sodded ground five feet in width.

The second paragraph of appellant's answer interposed the defense that the ordinance in question is void; alleging that only the cement part of the construction is sidewalk, and that the sodding is purely a matter of ornament, the cost of which the General Council is without power to assess against the abutting property. A demurrer was sustained to this paragraph of the answer and of that ruling appellant complains.

Section 3094, Kentucky Statutes, provides:

"The General Council shall have and exercise exclusive control and power over the streets, roadways, sidewalks, alleys, landings, wharves, public grounds and highways of the city; to establish, open, alter, widen, extend, close, grade, pave, repave, clean and keep in repair the same; to prevent and remove all encroachments thereon, or obstruction thereof; to put drains and sewers in the same, and to regulate and prohibit the building of vaults and areas under sidewalks; to enforce and regulate connection with sewers, gas and water mains and conduits of all kinds laid in or under the streets and highways of the city for any purpose." * * *

This section confers upon the General Council of cities of the second class, to which Covington belongs, complete control of their streets and sidewalks, including the power to protect as well as improve them.

Section 3096 (likewise applicable to cities of the second class) in so far as sidewalks are concerned, provides:

"The General Council may, by ordinance, provide for the construction, or reconstruction of the streets, alleys and other public ways and sidewalks, or parts thereof, * * * the cost of making sidewalks, including curbing, whether by original construction, or reconstruction, shall be apportioned to the front foot as owned by the parties, respectively, fronting said improvement, and paid by them. Such cost shall be assessed as the cost of construction of streets, and there shall be a like lien for such assessments enforcible in like manner."

Pursuant to the power conferred by the sections, supra, the General Council of the city of Covington, as far back as June, 1901, passed the general ordinance

under which appellant's sidewalk (and presumably all others of similar width in the city) was constructed. It is conceded by appellant that this ordinance authorized appellees to construct her sidewalk as it was constructed by them, but insisted that such construction was unauthorized by the sections of the statute, supra. It will be observed, however, that neither section requires sidewalks to be constructed of any particular material. It is safe to assume that by the use of the word "sidewalk," the construction and reconstruction of which is authorized, these sections mean the space between the property line and the street curbing, set apart for that purpose; but appellant construes the word "sidewalk" to mean only such part of the space between the property line and street curbing, as is or shall have been ordered, to be constructed of cement or other paving material suitable for sustaining the burden of heavy travel.

We adopt the construction evidently intended by the Legislature and not that insisted upon by appellant. If her construction is correct, it would necessarily result, as said in the brief opinion of the circuit judge, "the intention of the statute was that where less than the full space of fifteen feet in width was ordered constructed with cement, the council must leave the remaining space in the condition it finds it, or at least must, if it constructs or improves it with other substances, such as sod, pay for it out of the city's general revenues."

In our opinion the various provisions contained in the sections of the statutes quoted, give to the General Council of the city of Covington the power claimed for it. While they do not in express words declare that the council may sod a part of the sidewalk, such power is obviously included under the general authority to control, construct, reconstruct, improve and protect sidewalks, conferred upon that body by the statute. So, where, in the judgment of the council, an entire sidewalk is not needed for the public travel, it may, after paving with cement or other suitable material such part thereof as will, in its judgment, be required for public travel, sod the remainder and assess the entire reasonable cost of the construction against the abutting property. It is argued by counsel for appellant that as the General Council of the city of Covington could not order the sidewalk constructed wholly of sod at the cost of the owner of the abutting property, it was without power to permit

any part of it to be so constructed. This contention is illogical for it ignores the obvious fact that the council has the right to improve the entire width of the sidewalk and when, in doing so, it provides a pavement of sufficient width, to accommodate pedestrians, as was here done, the power to complete the sidewalk by sodding its remaining parts, is incidental to the work of construction as a whole.

We do not find that the record sustains appellant's further contention that the sodding of the sidewalks on each side of the cement pavement was merely for ornament. That it is ornamental is admitted, as must be the further fact that the city is without power to construct sidewalks at the expense of the owner of the abutting property for the mere ornamentation of the city. But we will not attribute to the General Council such a motive when good reasons are apparent for the sodding of the sidewalk on either side of the cement pavement. We assume that the real purpose of the sodding was to prevent the loose earth, clay and other substances, that would otherwise have been left on either side of the cement walk, from being washed upon it by the heavy rains that so frequently fall in this climate.

The city authorities are charged with the duty of keeping its streets and sidewalks in reasonably safe condition for the use of the public, therefore, their protection from mud and the slippery and unsafe condition its accumulation on the sidewalk would produce, is highly important to the safety and comfort of the traveling public; and certainly no more effective means of thus protecting the sidewalk could be adopted than the leveling and sodding of the ground on either side of the **cement walk.**

The question here involved has never been passed on by this court and we are not inclined to be controlled by the case of People, ex rel. S. B. Reman, County Treas. v. Marshall Field, 197 Ill., 568, cited by appellant, which is based upon a voluminous statute of that State in many respects different from ours. Besides, this case does not attempt to overrule the case of Murphy v. City of Peoria, 119 Ill., 509, which is in point of fact much like the case at bar and in accord with the conclusion we have reached.

Judgment affirmed.