# CHARLESTON.

### HARMAN v. CITY OF PARSONS.

### Submitted October 23, 1917.    Decided October 30, 1917.

1. MANDAMUS—*Removal of Obstructions From Streets.*
   Mandamus lies to compel a municipal council to remove such obstructions from the streets and alleys of the city, as constitute public nuisances.  (p. 199).

2. MUNICIPAL CORPORATIONS — *Width of Streets — Improvement — Lawn Strips.*
   A municipal council is not obliged to improve for public travel all of the available space set apart for a street or avenue, but may improve such part of it as in its judgment will answer the public needs, and may lawfully establish lawn strips between the sidewalk and the pavement, or between the sidewalk and the property line, for grass plots, flower beds and shade trees.  (p. 200).

3. SAME—*Streets—Nuisances.*
   The construction and maintenance of a retaining wall and ornamental posts at intervals thereon, between such lawn strip and the sidewalk to prevent the earth from sliding down upon the sidewalk, do not so obstruct public travel on the street as to constitute a public nuisance.  (p. 200).

Error to Circuit Court, Tucker County.

Mandamus by J. W. Harman against the City of Parsons. Judgment for plaintiff, and defendant brings error.

*Judgment reversed and writ refused.*

*A. J. Valentine, A. R. Stallings* and *Chas. D. Smith,* for plaintiff in error.

*J. P. Scott* and *J. W. Harman,* for defendant in error.

WILLIAMS, JUDGE:

In 1913 respondent, the City of Parsons, ordered Millie Martin to construct a concrete sidewalk six feet wide along

Central Avenue in front of her property on a grade line previously determined by it. The ground sloped toward the center of the street and, in excavating for the sidewalk, it left a wall of earth on the outside of the sidewalk which, in some places, was about fifteen inches high. Central Avenue is sixty feet wide, and in the year 1895, the council, on petition of all the property owners for a long distance on that street, had established the roadway thirty-two feet in width, leaving fourteen feet on either side for a lawn and sidewalk. She built on the grade and of the width and in the place designated. All the way along Central Avenue the walk is six feet wide, leaving. a lawn strip between the outside of it and the line of property abutting on the street. At the time Mrs. Martin built the sidewalk she also constructed a concrete retaining wall along the outside of the walk to prevent the earth from sliding down on it, and erected seven ornamental posts, at intervals, along on the wall, having first obtained permission to do so from the council, with the understanding that she would remove it whenever requested to do so by the city. Prior to 1913 she had maintained a board walk where the cement walk now is, and a board fence along her property line, and since building the walk and retaining wall she has removed her fence, which gives her lot the appearance of extending to the outer edge of the sidewalk. But she asserts no claim to the lawn strip. Mr. J. W. Harman, an adjoining lot owner, maintained a privet hedge along his property line, and at the time Mrs. Martin was building the retaining wall, he appeared before the council and asked that she be required to move it back on her property line. And in June, 1915, he again requested the council to have it removed, or that the council abandon the lawn strip between the sidewalk and the property line, so that he could remove his hedge and place it in line with the retaining wall, and it refused to grant his request. Thereupon, in the name of the State, he sued out an alternative writ of mandamus in the circuit court of Tucker county, to compel the City of Parsons to abate the wall and posts as constituting a public nuisance. The city appeared and demurred to the alternative writ, and the court overruled its demurrer. It

then answered and admitted that the wall and posts were
erected by permission of the city council, after careful in-
spection of the premises, but denied that it obstructs, or in
any way interferes with the public travel on said street, or
that it is in any sense a nuisance, and averred its right to
permit to be maintained park strips between the curbing of
the street and the pavement of the sidewalks and between the
sidewalks and the property line, in which strip grass, flowers
and trees may be grown for the purpose of ornamenting and
beautifying the city, by virtue of its authority under the law
"to lay off, vacate, close, open, alter, grade and keep in good
repair, the roads, streets, alleys, pavements and sidewalks in
the city." The court sustained relator's demurrer to the re-
turn and, respondent not desiring to amend, entered judg-
ment, that the wall and posts be immediately abated as a
common and public nuisance; and respondent was awarded
this writ of error.

Respondent assigns as error the overruling of its demurrer
to the alternative writ, for the reason, as alleged, mandamus
is not a proper remedy in a case like this. It is well settled
mandamus does not lie to control the discretion vested in a
public officer or tribunal, but it is equally well established
that mandamus is the proper remedy to compel even judicial
action, where the officer or tribunal simply declines or re-
fuses to act in any manner. He may be compelled to exercise
his discretion when he refuses to act at all. It is also the
settled rule that an officer or tribunal may be compelled by
mandamus to perform a public duty which is purely minis-
terial. *State ex rel.* v. *County Court*, 33 W. Va. 589; and
*Frantz et al.* v. *County Court*, 69 W. Va. 734. In High on
Extraordinary Remedies, (3rd ed.), Sec. 414, the applica-
bility of mandamus to compel a municipal council to perform
its duty respecting the removal of obstructions from the
streets is thus stated: "When the common council of a city
are empowered by their charter to keep in repair the streets
of the city, and to remove all obstructions therefrom, the
grant of power will be construed for the public benefit, and
its execution may be insisted upon as a public duty. And
in such case the writ may be granted to require the municipal

authorities to remove houses, fences and other obstructions from the streets."

By Sec. 18, Ch. 6, Acts 1907, the council of the City of Parsons is given the power "to lay off, vacate, close, open, alter, grade, and keep in good repair the roads, streets, alleys, pavements, sidewalks, crosswalks, drains .and gutters therein for the use of the citizens or of the public and to improve and light the same, and to keep the same free from obstructions of every kind; to regulate the width of pavements and sidewalks on the streets and alleys, and to order the pavements and sidewalks, footways, drains and gutters to be kept in good order, free and clean, by the owners and occupants of the real property next adjacent thereto."

The council had the discretion to say how wide the pavement should be and likewise to determine the width of the sidewalk. It was not bound to occupy all the available street space with pavement and sidewalk, if it did not think the public need required it. It could exercise its power from time to time as the public need might require, and of that question it, and not the court, is the judge. 3 Dillon on Munic. Corp., Sec. 1151.

The council of the city of Parsons is also expressly authorized "to abate all nuisances within the city limits or to require and compel the abatement or removal thereof by or at the expense of the owner or occupant of the ground on which they are placed or found." But in abating a nuisance it performs a governmental function which is necessarily more or less discretionary. *Wood* v. *City of Hinton,* 47 W. Va. 645. The council has not the power to declare a thing a nuisance and abate it as such, which in fact and in law is not a nuisance. *Parker* v. *City of Fairmont,* 72 W. Va. 688. Its ascertainment of that fact is not judicial, and it therefore determines it at its peril. Whether a certain thing is in fact a nuisance is a judicial question, and is to be determined by the law defining what is a nuisance. But in the present case the council was of the opinion the retaining wall and posts did not interfere with the public travel, not being in the portion of the street opened to public travel, and consequently were

not a nuisance, and so states in its return.  It opened and improved what in its judgment was a sufficient width for roadway and caused sidewalks, which it thought of sufficient width, to be laid by the property owners.  It thus exercised its governmental discretion.  The future growth of the city. may render it necessary to improve more of the street, but of that necessity it must be the judge.  *Whittington, Adm'r. v. County Court,* 77 W. Va. 142, 90 S. E. 821.  The retaining wall was not an obstruction of the street and, therefore, not a nuisance.  The wall was not only harmless, in the judgment of the council, but also useful to prevent the earth from falling on the sidewalk.  Nor was it an unlawful use of the street to set apart a portion not needed for travel by the public as a park strip.  3 Dillon on Munic. Corp., Sec. 1150; 28 Cyc. 853; and *Barnesville* v. *Ward,* 85 O. St. 1, 96 N. E. 937.

The foregoing observations lead to a reversal of the judgment, and an order will be entered here denying the writ.

*Judgment reversed and writ refused.*