## NEWMAN v. CITY OF OKMULGEE et al.

No. 12190—Opinion Filed Dec. 20, 1921.

(Syllabus.)

1. **Pleading—Petition — Sufficiency on Demurrer.**

On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer.

2. **Same.**

Where a pleading states any facts upon which a pleader is entitled to any relief under the law, a general demurrer to the same should be overruled.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Action by Harvey Newman against the City of Okmulgee and others to enjoin the making of certain public improvements and the levy of special assessments. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

William Neff and L. E. Neff, for plaintiff in error.

L. L. Cowley, for defendant in error City of Okmulgee.

Simpson, Hummer & Foster, for defendant in error Park & Moran.

McNEILL, J. This action was commenced in the district court of Okmulgee county by plaintiff in error against the city of Okmulgee et al. to enjoin defendants from proceeding with certain improvements and from levying a special assessment against the property of plaintiff to pay for said improvements.

To the petition, the defendants filed a general demurrer, which was sustained by the court, and from a judgment dismissing the petition the plaintiff has appealed. The only question involved is whether the petition stated facts sufficient to constitute a cause of action. In determining this question there are two well known principles of law to guide the court, to wit:

"On a demurrer to a petition as defective in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer."

"Where a pleading states any facts upon which a pleader is entitled to any relief under the law, a general demurrer to the same should be overruled."

The petition is vague, indefinite, and uncertain, but contains many direct allegations that the city did not have jurisdiction to enter into the contract and order the improvements. It is alleged the work has not been commenced, although the contract had been let for the work. One of the allegations contained in the petition is, in substance, that the city approved certain plans and specifications and published the resolution declaring the improvements necessary, and sets forth in a general way the plan of the improvements contemplated. The petition then alleges that, after the time for protest had expired, the city made a material change in the plans, and alleges in

what way the city changed the plan of the improvements. Plaintiff alleges he did not protest for the reason the improvement, according to the original plans, would be a benefit to his property, but by making certain material changes his property would be confiscated, and no benefit would be derived from the improvements.

The resolutions nor the plans nor specifications nor any part are attached to the petition, but the allegations as to what they contained are general statements.

Section 608, Rev. Laws 1910, empowers the city council to permanently improve the streets. Section 615, Rev. Laws 1910, requires the city engineer to prepare complete and accurate specifications and estimates, and upon approval thereof the council shall by resolution declare said work or improvement necessary, and provides for the publication of said resolution. Section 622, Rev. Laws 1910, provides, in substance, if no protest has been filed, the council shall adopt a resolution expressing the determination of the council to proceed with the improvement, and defining the extent, character, and width of the improvement, stating the material to be used and the manner of construction and such other matter as may be necessary to instruct the engineer in performance of his duty in preparing necessary plans and plats and specifications and estimates for such improvements, which specification and estimate shall as nearly as practicable follow the preliminary specifications and estimates. The petition alleges, that, instead of following the preliminary specifications and estimates, the city has made a material change, and then details the change, which has reference to the creek, changing the water course, and building a bridge.

Whether the city in adopting the resolution ordering the improvement has a right to materially change the plans and specifications provided for in the preliminary specifications and estimates is the question for consideration. This court, in the case of Pitser v. City of Pawnee, 47 Okla. 559, 149 Pac. 201, used this language:

"The estimates and specifications furnished by the engineer were not the final plans and estimates, and the approval thereof did not bind the defendants to adhere strictly to them, as final plans and estimates are required to be furnished after opportunity for objections by the property owners and after the council have determined to proceed with the work."

It would appear from a reading of the case and from the statute that in adopting the final plans and specifications it is not necessary to adhere strictly to the preliminary plans and specifications, but they should be adhered to as nearly as practicable.

The petition in the instant case alleges there was a material change in the plans and specifications. Now, whether the change was a material change would be a question of law to be determined from all the facts and circumstances. What might be a material change in one instance would not be a material change in other circumstances, but as far as the demurrer is concerned, when we admit all the allegations of the petition, it appears that plaintiff has alleged facts, which when liberally construed would entitle him to some relief, and under our liberal construction of the pleadings the allegations of the petition are taken to be true, and it was error to sustain the demurrer to the petition.

For the reasons stated, the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.