VILLAGE OF COON VALLEY, Respondent, vs. SPELLUM, Appellant.

*April 7—May 11, 1926.*

*Municipal corporations: Meetings adjourned subject to call: Validity: Sidewalks in village streets: Power of village board to locate: Action taken by vote: Sufficiency.*

1. Where a regular meeting of a village board under sec. 61.32, Stats., was "adjourned subject to call," without stating any specific time or by the call of whom, a subsequent meeting held pursuant to such adjournment is not an adjourned meeting of the regular meeting; and hence the action of the village board taken at such meeting pretending to rescind the authority granted defendant to construct a sidewalk ten feet from the lot line was void. p. 142.
2. Sub. (12), sec. 61.34, Stats., giving the village board broad powers over its streets, gives a like discretion in the matter of improving streets. p. 143.
3. Municipalities need not improve, for the purpose of public travel, the entire width of a dedicated street, but may improve only such portion as they deem necessary. A village board

Coon Valley v. Spellum, 190 Wis. 140.

may, however, provide for the building of a sidewalk ten feet from the property line. pp. 143, 144.

4. The act of the village board, under sec. 61.34, Stats., in fixing a place for the building of a sidewalk ten feet from the property line, taken by mere vote, without ordinance or resolution, is sufficient. p. 144.

APPEAL from a judgment of the circuit court for Vernon county: R. S. Cowie, Circuit Judge. *Reversed.*

This action was brought to obtain relief in the nature of a mandatory injunction to compel the defendant to remove a certain sidewalk which he had constructed on one of the public streets of the village of *Coon Valley,* in front of his property. The defendant owns two lots in Anderson's addition to Anderson's first addition to the village of *Coon Valley.* The addition consists of two blocks. The plat of these two blocks dedicates a street sixty feet in width. The street of which the street so dedicated is a continuation is but fifty feet wide. This makes a ten-foot jog in the street line along these two blocks.

On the 18th day of July, 1922, upon recommendation of the street committee, the village board, upon motion made and seconded, determined that sidewalks along these two blocks be laid ten feet from the lot line, on the established grade, in accordance with sidewalk specifications on file in the village clerk's office. On or about May 20, 1925, the defendant entered upon the construction of a sidewalk in front of his lots in accordance with this determination of the village board. Upon the matter being brought to the attention of the village board, that body held a meeting on the 22d day of May, 1925, adopted a resolution rescinding the action of the village board taken on the 18th day of July, 1922, and further resolved that "no person shall obstruct said street or place any sidewalk in said street, and any person who has violated this resolution shall immediately remove all such obstruction." Due notice of the adoption of

this resolution was served upon the defendant, who disregarded the same and proceeded with the completion of his sidewalk. From a judgment ordering the defendant to remove said sidewalk he brings this appeal.

The cause was submitted for the appellant on the brief of *J. Henry Bennett* of Viroqua, and for the respondent on that of *C. J. Smith* of Viroqua.

OWEN, J. The appeal presents two questions: First, whether the action of the board taken July 18, 1922, authorized the defendant to construct his sidewalk ten feet from the lot line, and, if so, whether the action of the board taken on the 22d day of May, 1925, revoked that authority. Considering these questions in the reverse order, we conclude that the pretended action of the village board taken on the 22d day of May, 1925, is null and void. The statute (sec. 61.32) provides for regular and special meetings of the village board. Regular meetings shall be held at such times as may be prescribed by their by-laws. Special meetings may be called "by any two trustees in writing filed with the clerk, who shall thereupon notify all the trustees of the time and place thereof in the manner directed by the by-laws." A regular meeting of the village board was held May 5, 1925. The minutes of that meeting show that "on motion meeting adjourned subject to call." The meeting of May 22d was held pursuant to this adjournment.

It is contended on the part of the village that the meeting of May 22d was merely an adjourned meeting of May 5th. This is not true. That meeting was not adjourned to a specific time. It was adjourned subject to call. By the call of whom, does not appear. Neither does it appear who called it. It does not appear that it was called in the manner provided by statute for the calling of special meetings. A similar meeting was held void in *Kleimenhagen v. Dixon,* 122 Wis. 526, 100 N. W. 826. The action of the village

board pretending to rescind the action of July 18, 1922, is therefore void and of no effect.

We now come to consider whether the village board had authority to authorize the construction of sidewalks ten feet from the property line, and, if so, whether its authority in that respect was efficiently exercised. By sub. (12), sec. 61.34, Stats., the village board is authorized "to lay out, open, change, widen or extend roads, streets, lanes, alleys, sewers, parks, squares or other public grounds, and to grade, improve, repair or discontinue the same, or any part thereof, . . . to make, alter, widen or otherwise improve, keep in repair, vacate or discontinue sidewalks and crosswalks," as provided in the same. These are the broad powers over streets usually delegated to the governing bodies of municipalities, and which are universally held to give such governing bodies broad discretion in the matter of improving streets. It is well settled that municipal authorities are not required to improve for purposes of public travel the entire width of a dedicated street, but they may improve only such portion thereof as they deem necessary for such purpose, and the custom is very general in residential districts of paving a restricted portion of a street, leaving a space in the nature of a boulevard between the curb and the property line. While sidewalks are generally laid along the property line, and the space between the sidewalk and the curb is sodded and planted with trees or shrubs, we know of no law requiring the sidewalk to be built along the property line. The control which the governing bodies of municipalities have over their streets abundantly authorizes them to require the sidewalk to be built along the curb as well as along the property line. Such authority is recognized in *Holmes v. Heeter,* 146 Ky. 52, 142 S. W. 210; *Murphy v. Peoria,* 119 Ill. 509. 9 N. E. 895; *People ex rel. Raymond v. Field,* 197 Ill. 568, 64 N. E. 544; *Harman v. Parsons,* 81 W. Va. 197, 94 S. E. 135. In 4 McQuillin on Municipal Corporations, at

§ 1829, it is said that "Where the municipal corporation has exclusive control of the streets and sidewalks, it is entirely discretionary with its proper authorities to say when and where sidewalks shall be constructed in front of abutting property and when and where they shall be repaired." We conclude that it was well within the power of the village board to provide for the building of the sidewalk ten feet from the property line.

The action of the village board in fixing the place where the sidewalk was built was not taken by ordinance or resolution. It was by mere vote. This seems sufficient. The provisions of the statute (sec. 61.34)· provide that the powers of the village board therein delegated may be exercised by ordinance, resolution, law, or vote. That the vote was sufficient is also settled by *Green Bay v. Brauns,* 50 Wis. 204, 206, 6 N. W. 503. We therefore conclude that the appellant had full authority to construct the sidewalk where he did, and that the judgment of the lower court ordering removal thereof must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.