**WILSON et al. v. CITY OF DUNCAN et al.**

No. 18024. Opinion Filed Jan. 31, 1928.

(Syllabus.)

1. **Municipal Corporations—Street Improvements—Sufficiency of Resolution of Necessity.**

A resolution of necessity, as provided for

by section 4590, C. O. S. 1921, when passed by the city council and declaring that said council deems it necessary to grade, pave, macadamize, improve, gutter, drain, and otherwise improve certain streets and alleys, therein named, and giving 15 days in which the property owners may protest, which resolution is published as provided by said section, is sufficient to give the council jurisdiction to make said improvements. It is not necessary for said resolution to show the nature, character, and width of such improvements, and the material to be used. Wheeler v. City of Muskogee, 51 Okla. 48, 151 Pac. 635.

**2. Same—Reasonable Adherence to Preliminary Specifications.**

In adopting final plans and specifications for improvement of streets, it is not necessary that the city adhere strictly to the preliminary plans and specifications, but they should be adhered to as nearly as practicable.

**3. Same—Validity of Assessments—Penalty for Delinquency—Notice by City Clerk not Mandatory.**

That portion of section 4618, C. O. S. 1921, which provides that the city clerk shall notify, by publication, the owners of property affected by paving assessments of the date when such installments and interest will be due and providing what said notice shall contain is not mandatory, but merely directory, by reason of the proviso, thereto attached, which provides that failure of city clerk so to do shall in no wise affect the validity of the proceedings to collect such assessment.

Error from District Court, Stephens County; E. L. Richardson, Judge.

Action by A. S. Wilson et al. against the City of Duncan et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Womack, Brown & Cund, H. W. Sitton, and Bond & Bond, for plaintiffs in error.

J. W. Marshall, City Atty., J. H. Long, Co. Atty., and G. A. Paul, for defendants in error.

MASON, V. C. J. This proceeding was commenced by the plaintiffs in error to enjoin the city of Duncan and its officials from declaring certain paving taxes delinquent and from certifying a list of such delinquent taxes for the year 1926 to the county treasurer of Stephens county and to restrain such county treasurer from placing the same on the tax rolls of said county and to enjoin all the defendants from collecting or attempting to collect said paving assessments and the penalties thereon for the years 1922, 1923, 1924, and 1925, and to cancel said paving assessments and the lien fixed thereby.

The county judge granted a temporary restraining order, but later, on a hearing before the district court, plaintiffs' petition for a temporary injunction was denied and they have perfected this appeal to this court.

Counsel for plaintiffs in error have not complied with the rules of this court in the preparation of their brief. No specification of errors is set out, but from an examination of their brief they appear to rely principally upon two propositions, to wit:

(1) That the city commissioners were without authority of law to let contracts for paving said streets and to fix a lien against the abutting property for the cost thereof.

(2) That the penalties sought to be collected for nonpayment of installments of the bonds issued in payment of said paving assessments are illegal for the reason that no notice of same was given as required by law, and that such assessments do not become delinquent until after such notice.

It appears that on March 2, 1921, the city commissioners and mayor of Duncan passed a resolution directing and instructing the city engineer to make necessary specifications and estimates to permanently improve certain streets and alleys of paving districts designated from 2 to 20, inclusive. Separate resolutions were adopted and all proceedings, herein referred to, were had as to each separate district. The city engineer thereupon complied with said resolutions by submitting said specifications and estimates, which embraced five classifications of pavement and estimated costs as to districts 2 to 7, inclusive, but only one class of pavement as to the other districts.

The city commissioners, on the same date, March 2, 1921, passed another resolution approving the engineer's specifications and estimates and declared it necessary to pave and otherwise improve the streets and alleys specified, and provided, by said resolution, that the same should be published in two consecutive issues of the Duncan Banner, a weekly newspaper published and of general circulation in said city. Said resolution contained the following provision:

"That if the owners of more than one-half in area of the lots and tracts of land liable for assessment to pay for such improvements, which assessments shall include the cost of improvements which assessment shall include the cost of improving the street intersection, shall not within 15 days

after the last publication of this resolution, file with the city clerk of said city of Duncan, Okla., their protest in writing against such improvements, which protest shall be made against each street or avenue separately, then the board of commissioners shall cause such improvements to be made and contracted for and shall levy assessments for the paving thereof against such lots and tracts of land liable for assessment to pay for such improvements, as provided for in sections 608 to 646, art. 12, ch. 10, of the Revised Laws of Oklahoma, 1910, and amendments thereto."

These resolutions were properly published, and there being no protests, thereafter, on the 4th day of April, 1921, resolutions were adopted determining to proceed with the work of improvement in each of the districts, and said resolutions designated the kind of material to be used in each district.

No contention is made that the other requirements and provisions of the statutes were not complied with, and the record discloses that all of said paving was completed in December, 1922, although this action was not commenced until the 31st of August, 1926.

It is first insisted by counsel for plaintiffs that the city was without jurisdiction to proceed with said improvements for the reason that the engineer submitted plans and specifications showing estimates and costs of five different classifications or five different kinds and character of paving and that this was not a sufficient compliance with the statutes of Oklahoma to put the property owners on notice of the kind and character of pavement to be constructed.

In support of this contention, counsel cite the following Missouri cases: City of Kirksville v. Coleman, 77 S. W. 120, Coulter v. Phoenix Brick & Construction Co., 110 S. W. 655, and Custer v. City of Springfield, 151 S. W. 759.

Plaintiffs proceed upon the theory that the property owners have the right to protest the kind of improvement and insist that a property owner could not, intelligently, protest if he did not know the kind of material to be used. The Missouri cases cited may support this theory, but such is not the rule in this jurisdiction unless the property owners initiate said paving proceeding by petition under section 4592. C. O. S. 1921, wherein they may designate the character of improvement desired, the width of same, and the materials preferred.

The instant proceeding, however, was commenced by the mayor and city commissioners under section 4590, and the property owners were authorized under provisions of section 4591 to protest against said improvements, but no provision is made for protesting against the material to be used. After the expiration of the time for protesting, if no sufficient protest be filed, the mayor and council, under section 4597, C. O. S. 1921, are required to adopt a resolution reciting such facts and expressing the determination of the council to proceed with the improvements, defining the extent, character, and width of the improvement and stating the material to be used and such other matters as may be necessary to instruct the engineer in the performance of his duties.

In the case of Wheeler v. Muskogee, 51 Okla. 48, 151 Pac. 635, this court held that it is unnecessary to show in the preliminary resolution the nature, character, and width of improvements and the material to be used. And in Newman v. Okmulgee, 84 Okla. 147, 202 Pac. 1006, we held that it is not necessary for the city to adhere strictly to the preliminary plans.

In Perkins v. City of Pawhuska, 106 Okla. 5, 232 Pac. 937, the third paragraph of the syllabus provides:

"Where jurisdiction has been acquired, the details of all subsequent proceedings in letting the contract, selecting the materials, and supervising the construction are matters for the exercise of legislative and administrative judgment, and errors in the exercise of these functions are mere irregularities which do not inhere in the proceeding so as to vitiate the final assessing ordinance based thereon, in the absence of fraud or collusion."

Conceding, however, that the city of Duncan, in adopting the report of the city engineer, had no authority to adopt more than one type of paving, yet this could be no more than an irregularity and would not go to the question of jurisdiction to proceed with the improvements. We, therefore, conclude that there is no merit in the first contention of counsel.

It is next urged that the city was without jurisdiction to proceed with said paving proceedings for the reason that no resolution of necessity, upon which the property owners might protest the kind and character of materials to be used, was ever passed. It is conceded that the resolution provided for by section 4590, supra, giving property owners the right to protest was published, but the contention of counsel is based upon the failure to publish the resolution wherein the city commissioners designated the kind of material to be used. This contention is without merit.

Section 4597, as above set out, requires such resolution, but no provision is made that it be published or that the property owners have an opportunity to protest against such action.

Counsel next insist that the penality on the delinquent assessments for the years 1921, 1922, 1923, 1924, 1925, and 1926 should be held invalid and canceled. This is based upon the contention that the city clerk did not comply with section 4618, C. O. S. 1921, in publishing notice of such assessments.

A notice was published by the clerk for each of said years as follows:

"All paving taxes are due and payable at the office of the city clerk during the month of August, and same will be delinquent after September 1st. (Signed) John L. Davis, City Clerk."

Under section 4618, supra, it is the duty of the city clerk, within the time provided for therein, to publish in two successive issues of a daily paper or in one issue of a weekly newspaper published in the city, notice advising the owners of the property affected by such assessment, of the date when such installment and interest will be due and designate the street or streets for the improvement of which such assessments have been levied and that, unless the same shall be promptly paid, said installment and interest shall bear interest at the rate of 18% per annum thereafter until paid.

It is true the notice published by the clerk does not meet the foregoing requirements of the section, but the statute then continues as follows:

"Provided, that failure of the city clerk to publish said notice of the maturity of any installment and interest shall in no wise affect the validity of the proceedings to collect the same under the provisions of this section."

We think the proviso is sufficient answer to the contention of counsel. The Legislature evidently assumed that every person should know the law and pay taxes when due, but merely added a directory requirement with reference to additional notice.

Some contention is also made that the trial court erred in admitting certain evidence of resolutions and other proceedings on behalf of the defendants. We do not think this was error, but, conceding it was, it was harmless. The burden was on the plaintiffs to show the illegality of said proceedings and not on the defendants to show their legality. The presumption was in favor of the regularity of the proceedings, and

the plaintiffs in error failed to offer any proof relative thereto.

From an examination of the entire record, we see no merit in the contentions of the plaintiffs. The improvements were made after due notice and the property owners stood idly by, saw the work completed without objection or protest, and they will not be permitted now to escape their obligation because of slight irregularities.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 28 Cyc. p. 978; 25 R. C. L. p. 154. (2) 28 Cyc. p. 1013 (Anno). (3) 28 Cyc. p. 1208.