**YEAMAN et al. v. OKLAHOMA CITY et al.**

No. 27117. May 11, 1937.

Rehearing Denied Oct. 12, 1937.

W. H. Woods (Charles Swindall, of counsel), for plaintiffs in error.

Harlan Deupree and A. P. Van Meter, for defendants in error.

BAYLESS, V. C. J. J. T. Yeaman et al. brought an action in the district court of Oklahoma county against city of Oklahoma City, a municipal corporation, and certain officials, for injunctive relief against the enforcement of the assessments made against their respective properties in connection with street improvements. They were denied relief and appeal.

Within the southwest part of Oklahoma City certain land was platted, and there was dedicated to the public for street uses a strip of land 200 feet wide. The lots abutting on this street were used and the section was built up. The city undertook to improve this street and in so doing laid a sidewalk and a paved roadway 18 feet wide along the north and south sides of the street, and thereby left an unpaved strip 134 feet wide in the center of the street. The city curbed this off from the paved portions. The city then took all necessary steps to assess the cost of the improvement against abutting property, except to this extent: The city paid for the curbing around the 134 foot section and for the paving in the street intersections in this 134-foot section, but no part of the cost of the walk or other pavement was charged to the city against the 134-foot strip. Later the city improved this 134-foot strip by grading, sodding, planting trees, shrubs, etc., and later built a swimming pool, with appurtenant buildings, for the use of children. This latter occupied a space of about two blocks. The ordinances and proceedings for the assessment of the costs were dated in September and October, 1930; the alterations and improvement of the center strip were made thereafter (the exact date not being shown),

and this suit was filed thereafter, August 21, 1931.

Plaintiffs make several contentions, but they all involve the validity of the amount of the assessments. It is not contended that the city was without power or the jurisdiction to carry out the improvement. The facts as above outlined are not controverted in any particular. We know of no better way to announce plaintiffs' main contention than to use their own heading of their first and main contention:

"When the city built a curb around the strip of ground 134 feet in width, and segregated the same from the use of the public as and for a public highway or street, and paved the intersections across said 134-foot strip at Hudson, Harvey, and Lee avenues; erected the rest room or house and built the wading pool; planted trees, shrubbery and grass in said strip, and paid $8,926.36 out of the revenues of the city of Oklahoma City, Okla., for said purposes, it converted that part of said boulevard into a park for the enjoyment of the public, and the city was and is liable for the payment of one-half of the special paving assessment abutting the park property."

We believe it is well-settled law that the factors which enter into the liability of property to assessment to pay for improvements are those which exist at the time the improving is done and the value thereof is assessed against the respective properties within the district, and becomes a lien thereon. Taxation by Assessment, Page and Jones, vol. 1, page 1084, sec. 635, and cases cited thereunder, and 25 R. C. L. 112, sec. 29, note 11. Our statutes are to the same effect. Sections 6227-6233, O. S. 1931. It is apparent that there is quite a period of time covered by these steps, but we are not called upon herein to determine the date of assessment with any greater degree of exactitude, since the change of conditions regarding the center strip took place sometime after the very latest step spoken of above.

The law is that the governing body of a municipality, unless restricted by law or city charter, has reasonable discretion to exercise in the plan of improvement. 44 C. J. 212, sec. 2365; Newman v. City of Okmulgee, 84 Okla. 147, 202 P. 1006; Wilson v. Duncan, 129 Okla. 181, 264 P. 203; Pitser v. City of Pawnee, 47 Okla. 559, 149 P. 201. This means that the city may establish the width, etc., according to its reasonable judgment. Harman v. City of Parsons, 81 W. Va. 197, 94 S. E. 135; Levi v. Oakmont, 44 Pa. Super. 631; Elliott on Roads and Streets, sec. 588; Lewis v. City of Seattle, 28 Wash. 639, 69 P. 393; Holmes v. Heeter & Son, 146

Ky. 17. Likewise, the city may leave parkway in the center which can be beautified. Murphy v. Peoria, 119 Ill. 509, 9 N. E. 895; Village v. Spellum, 190 Wis. 140, 208 N. W. 916; Fisher v. City of Astoria, 126 Ore. 268, 269 P. 853, and other cases under Am. Dig. System, Municipal Corporations, 282-2. Under these rules there is no abuse of discretion in the establishment of this 134-foot strip in the center. What was thus created is what is sometimes designated a boulevard. See 9 C. J. 143, Street and boulevard are synonymous. 44 C. J. 882. Therefore, a boulevard is a street in the sense of public improvement. The unpaved portion is a part of the street whether it is beautified or left in an unkept condition. The boulevard type of public throughfare is too generally in use to be an exception to the street system of a city. No difference is ever made between streets and boulevards, unless the language of the statutes, charters, or ordinances require.

Apparently this court has not been called upon heretofore to say whether a center strip should be charged with its proportionate share of the cost of the improvement. The general rule is that portions of a street left unimproved—that is unpaved—are not chargeable with any part of the cost of improvement. 44 C. J. 526, Page and Jones, Taxation by Assessment, vol. 1, sec. 587, page 967. The text in Elliott on Roads and Streets (4th Ed.) sec. 675, page 827, is a good statement of the rule:

"* * * If the entire space has been dedicated as a street, and the city in improving the street merely places the parking in the center instead of at the side of the roadway, the city will not thereby become liable to pay for the improvement of any part of such roadway as an abutting owner. And in a recent case it is held that where two parts of a street are divided by a public square in its center, not maintained at the expense of the municipality, it constitutes but one street and the abutting owners on either side are liable for the cost of paving as in other cases. In another recent case it is properly held that a public street is not subject to assessment for a local improvement in the absence of a statute clearly authorizing it."

This entire strip is dedicated to street use. Whatever the city's power to vacate the dedication and formally devote the center strip to some other use is, the fact is in this case that no such action had been taken at the time of the improvement, or as of the time the lien of the assessment became effective. For us to hold that the sodding, planting, and beautifying this center strip were sufficient to transform it from a

street into a public park, would mean that a city in projecting such an improvement would have to choose between two alternatives, viz.: Paving the entire surface, which might be unreasonable and certainly would be ruinous financially to abutting property owners; or it could leave such a strip unattended to become a civic eyesore. The property owners would protest the first, and everyone would deprecate the second.

The devotion of unused portions of streets to park purposes, such as comes from grading, sodding, planting, and beautifying, is not a use wholly inconsistent with or foreign to the dedication to street use. 44 C. J. 938, sec. 3702, note 63; McDonald v. City of St. Paul, 82 Minn. 308, 84 N. W. 1022; Gulfport, etc., Co. v. Manuel, 123 Miss. 266, 85 So. 308, and Harman v. City of Parsons, 81 W. Va. 197, 94 S. E. 135. The cases cited by the plaintiffs which hold to the contrary, we are unwilling to follow. The courts have been somewhat divided on the subject, but we feel the cases which we have cited and followed herein announce the better rule.

In view of the rules of law which we have heretofore discussed, we are of the opinion that the city used reasonable discretion in the manner of planning and carrying out the street improvement; that grading, sodding, planting, and beautifying this center strip did not result in a use inconsistent with the dedication or use as a street; and the city properly refused to treat it as abutting property chargeable with its proportionate part of the cost of the improvement. This being decided, we must hold that there was no lack of jurisdiction as contended by plaintiffs under the rule laid down in St. L., etc., Ry. Co. v. City of Wetumka, 136 Okla. 64, 276 P. 226.

The law which we have announced herein is intended to apply to the problem the city faced from the inception of the plan to the completion of the work and the attaching of the liens of the finally approved assessments. The problem had to be met and disposed of by present conditions. The city was not required to look into the future and attempt to govern its present actions by anticipating contingencies.

From the record, we are of the opinion that the construction of the pool and dressing buildings took place after the improvement district had become an actuality in every respect. The city should not anticipate future changes. We know of no law which authorizes the vacation of earlier actions, and reapportionment and reassessment because of changes in conditions in title to or nature of the property.

Judgment affirmed.

BUSBY, PHELPS, CORN, and HURST, JJ., concur.