ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You have requested my opinion on the power of the county board to adopt and implement a resolution which purports to establish a procedure for the election of the county board chairman and two vice chairmen.
The entire board will be elected on April 4, 1972.
Section 59.05 (1), Stats., provides in part:
"(1) The board, at the first meeting after each regular election at which members are elected for full terms, shall elect a member chairman.* * *"
Section 59.05 (2), Stats., provides that the board "* * * at the time of the election of the chairman shall also elect a member vice chairman for the same term * * *" and "* * * may also elect a member 2nd vice chairman for the same term * * *."
The proposed resolution pending before the present board would require that, in each year in which there is a regular election for supervisors, beginning in 1972, each candidate for chairman shall submit to the incumbent chairman a statement of his proposed policies and programs, if elected, to include:
"1. The nature and extent of his personal commitment to the office, including the amount of time he intends to devote to the exercise of its duties;
"2. Specific objectives which he will strive to achieve during his term of office as chairman to expand, reduce, revise or eliminate existing county programs, or to introduce new programs, in order to improve the overall effectiveness of county government; *Page 109 
"3. A specific plan for the selection of committee chairmen and membership, outlining the roles each such committee will be expected to carry out so that his legislative and organizational goals may be achieved."
A somewhat similar statement would be required of candidates for vice chairmen.
The resolution would further require that such statements be submitted between March 1 and the county board caucus beginning in 1972, and that such caucus would be held not less than seven nor more than 21 days following the general election. Statements are to be made available to the public. The resolution also provides:
"2. That the selection of the chairman and two vice chairmen in the caucus be by secret ballot, and that their election take place at the first meeting of the new board of supervisors, as prescribed in Sec. 59.05 (1), Stats., and Sec. 1.03, C.G.O."
It is my opinion that the resolution, if adopted, would not be binding on the new board and that portions of the same could not be legally implemented.
Our Supreme Court has, in effect, said that the county board is a continuing body with perpetual succession. Thus, it is the same board that continues from year to year despite periodic changes in membership. While the board is a continuing body, one board cannot act in such a way as to tie the hands of a future board. 26 OAG 313, 314 (1937); 28 OAG 588 (1939).
In the absence of statutory requirements, a board may adopt its own rules of procedure to govern the conduct of its meetings. However, since the board is considered a minor deliberative body, actions of the board will be held valid if no statute requires a set procedure, even though the board's own rules of procedure were not followed. 52 OAG 57 (1963); 27 OAG 21 (1938).
Under sec. 59.05 (1) and (2), Stats., any member of the board to be next elected is eligible after filing his oath to stand for election to the office of county board chairman or vice chairman. While the board may request aspirants to set forth a program and statement of interest, the board is without power to deny any member the right to have his name placed in nomination at the *Page 110 
duly convened first meeting of the board after the regular election. Neither the present board nor the newly elected board have power to establish qualifications for the offices of chairman or vice chairman. The only statutory qualification is that they be members of the board.
The resolution is also defective in that it attempts to require that candidates for chairman set forth a specific plan for the selection of committee chairmen and committee members. Under sec.59.06 (1), Stats., the board has power to establish committees by resolution and may designate their purpose, prescribe duties and manner of reporting. However, the same statute vests the power of appointment solely in the chairman without the necessity of confirmation. While the board can change the size of committees, prescribe their duties, abolish them and limit the number of committees a member may serve on, it cannot infringe on the power of the chairman as to who shall be appointed to authorized committees.
The procedure prescribed by the resolution is also invalid in that it would establish a meeting of the board in the nature of a caucus, which might be attempted to be secret, but which would in any event be prior to the regularly regarded first meeting of the board. A court might well hold that the caucus meeting was the first meeting of the board.
Whereas members of the county board may gather informally as members, the board can only exercise its corporate powers when it meets as a board, or in pursuance of a resolution or ordinance adopted by it, sec. 59.02 (1), Stats.
Section 59.04 (4), Stats., requires that:
"(4) The board shall sit with open doors, and all persons conducting themselves in an orderly manner may attend. * * *"
Section 66.77 (2), Stats., requires:
"* * * all meetings of all state and local governing and administrative bodies, boards, commissions, committees and agencies, * * * shall be publicly held and open to all citizens at all times, except as hereinafter provided. * * * in sub. (3), * * *" (Emphasis supplied) *Page 111 
None of the exceptions in subsec. (3) would permit closing of a meeting of the county board for the purpose of electing a chairman or vice chairman.
This does not mean that a county board, at the first meeting after the regular election, cannot proceed by informal votes before taking a formal vote on the election of chairman.
The Supreme Court apparently approved the use of an informal vote and, in fact, a secret ballot in State ex rel. Burdick v.Tyrrell (1914), 158 Wis. 425, 432, 149 N.W. 280, where neither statute nor charter required an aye or nay vote recording. At p. 434 the court also stated:
"* * * The election or appointment of a city attorney was `transaction of business,' and a majority of a quorum, in the absence of any statute to the contrary, was sufficient to elect.* * *
"* * * Perhaps, accurately speaking, under sec. 9, art. XIII, Const., and the provisions of the city charter in the instant case the council appoint and do not elect the city attorney. But whether the term `elect' or `appoint' be used in the charter the power of the council over the subject matter is the same. It is in reality an appointing power, and under the terms of the charter under consideration is to be exercised by the common council as a collective body, * * *"
In McQuillan Mun. Corp. (3rd Ed.) sec. 13.43a, pp. 554, 555, it is stated:
"A municipal council generally acts by vote. It is essential to a valid election that all those who are present and are constituent members of the elective body have an opportunity to vote. Where election by ballot is authorized if requested, refusal of such a request may invalidate an election.
"A vote is but the expression of the will of a voter; and whether the formula to give expression to such law be a ballot or viva voce the result is the same; either is a vote. Where no mode of voting is prescribed by law, any mode not expressly forbidden by law, which insures to each member the right to vote, and by which the will of the majority can be fairly ascertained, may be adopted. It may be by ballot, by resolution, the adoption of a verbal motion *Page 112 
or in any other manner. * * *" (Citing Coon Valley v. Spellum
(1926), 190 Wis. 140, 208 N.W. 916; The City of Green Bay v.Brauns (1880), 50 Wis. 204, 6 N.W. 503.)
Certain statutes require some municipal governing bodies to take votes by ayes and nays and record the same at least as to certain questions. See sec. 62.11 (3) (d), Stats., applicable to cities requiring aye and nay votes on confirmations and money questions and on other questions when requested by any member.
In McQuillan Mun. Corp. (3rd Ed.) sec. 13.45, p. 559, it is stated:
"Two principal reasons may be suggested in favor of the requirement that whenever a vote is taken by a local legislative body on a certain proposition, the yeas and nays must be taken and recorded: First, the most important is to obtain a definite and accurate record of the corporate action in order to determine whether all of the mandatory provisions of the charter have been observed. Only in this way may it be ascertained whether the particular act is legal or illegal. Second, another purpose is to make the members of the body feel the responsibility of their action and to compel each member to bear his share in the responsibility by making a permanent written record of his action which should not be afterwards open to dispute. The inhabitants of the municipality are, as of right, entitled to know clearly the act and vote of every member, of their agents and servants, on every proposition relating to public duties, and a record of such acts and votes should be plainly made in a permanent form so that every inhabitant may have definite information." (CitingState ex rel. Milwaukee v. Milwaukee E.R. L. Co. (1911),144 Wis. 386, 402, 129 N.W. 623.)
The statutes do not, however, expressly require that a county board vote on every question by ayes and nays, nor do they expressly authorize the board to use a ballot or secret ballot in elections by the board. They do require that the board act by voting.
Section 59.02 (2) and (3), Stats., provides: *Page 113 
"(2) Ordinances and resolutions may be adopted by a majority vote of a quorum or by such larger vote as may be required by law. Ordinances shall commence as follows: `The county board of supervisors of the county of . . . . do ordain as follows.'
"(3) A majority of the supervisors entitled to a seat on the board shall constitute a quorum. All questions shall bedetermined by a majority of the supervisors present unlessotherwise provided." (Emphasis supplied)
Section 59.17 (1), Stats., which sets forth the duties of the county clerk, does, however, provide:
"* * * Act as clerk of the county board at all the meetings thereof; keep and record in a book therefor true minutes of all the proceedings of the board; make regular entries of their resolutions and decisions upon all questions; record the vote ofeach supervisor on any question submitted to the board, ifrequired by any member present, * * *" (Emphasis supplied)
I am of the opinion that any member can require that a vote be taken by some form in which the vote of each supervisor may be ascertained and recorded. Such request would have to be made before a vote was taken.
This would not preclude the use of a signed or otherwise identified ballot but would preclude a secret ballot. Use of a signed or identified ballot would lessen chances of members following the leader during voting but would still permit recordations for purposes of establishing a definite and accurate record of the proceedings and compel each member to bear his share in the responsibility in recorded form for information of the public.
I am of the opinion that the use of a secret ballot is contrary to the spirit and intent of sec. 59.04 (4), Stats., which requires the board to sit with open doors, and sec. 66.77, Stats., which requires open meetings of governmental bodies. The legislative intent of the latter statute is stated in sec. 66.77 (1), Stats., as follows:
"(1) In recognition of the fact that a representative government of the American type is dependent upon an informed electorate, it is declared to be the policy of the state that the *Page 114 
public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental affairs and the transaction of governmental business."
Citizens attending public meetings are denied the "fullest and most complete information" regarding the actions of a governmental body when such body attempts to vote in a manner which precludes even citizens who are in attendance from any chance of ascertaining how individual members voted.
RWW:RJV