Application of John Thomas SPRA-DLING, Jr. and Cynthia Baker Spradling, husband and wife, and Albert N. Eatman and Jean P. Eatman, husband and wife, to vacate a portion of the Plat of Sunset Terrace, an addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat thereof.

No. 50904.

Supreme Court of Oklahoma.

Nov. 7, 1978.

S. M. Fallis, Jr., Dist. Atty., by Andrew B. Allen, Asst. Dist. Atty., Tulsa, for appellant, County of Tulsa, Oklahoma.

Waldo F. Bales, City Atty., by Russell R. Linker, II, Asst. City Atty., Tulsa, for appellant, City of Tulsa, Oklahoma.

H. E. Rorschach, Tulsa, for appellant, Margaret Rorschach.

John T. Spradling, Jr., Tulsa, for appellees.

LAVENDER, Vice Chief Justice:

Hazel Boulevard is a street included in the plat dedication of Sunset Terrace Addition to the City of Tulsa, some fifty years ago. That street deadended to the west at a railroad right-of-way. That right-of-way was purchased by the City of Tulsa in 1973 on which was constructed a bicycle path and pedestrian way in 1975. John Thomas Spradling, Jr., his wife, Albert N. Eatman, and his wife were owners of property on both sides of and for a short part of Hazel Boulevard, next to its termination at the present city owned bike path and pedestrian way.

The Spradlings and the Eatmans (applicants) sought vacation of Hazel Boulevard along their property. 11 O.S.1971, § 522 et seq. City of Tulsa, Tulsa County, and an

individual property owner in the near area protested (protestants). Hearing was on stipulation with some testimony taken. Parties generally agreed that vacation was based on § 524 C 2,[1] and the boulevard had not been used by the public for motor vehicles but as a pedestrian and bike way. District court allowed the street vacation. The protestants appealed. Court of Appeals affirmed.

█ "The primary purpose of a public street is to accommodate public travel, * * *." *Yeaman v. Oklahoma City*, 181 Okl. 43, 72 P.2d 357 (1937). See also *Hover v. Oklahoma City*, 133 Okl. 71, 271 P. 162, 164 (1928).[2] Court of Appeals opinion would limit the purpose of a public street to travel by carriage, wagon, or motor vehicle. We cannot agree with that limitation. "Travel" is defined as "to go or proceed on * * *." Webster's Third New International Dictionary, p. 2432. As said in *Holland v. Shackelford*, 220 Ga. 104, 137 S.E.2d 298, 304 (1964), "A street is a highway in a city or town used by the public for the purpose of travel, either by means of vehicles or on foot."

█ Vacation of a platted street under § 524 C 2 requires that the street has "never been used by the public." Here, the stipulation and testimony show present use (of that portion of Hazel Boulevard sought to be vacated) for public travel by pedestrians and bikes to reach the city owned pedestrian and bicycle path now located on the former railroad right-of-way. We do not find the portion of Hazel Boulevard has never been used by the public.

Decision of Court of Appeals vacated and trial court reversed.

All of the Justices concur.

---

1. "C. If the application shall be by the owner or owners of a portion of such platted tract for the vacation of such portion only, or for the vacation of a street or alley abutting such portion, and it shall appear that:

  * * * * * *

"2. The platted streets and alleys on or across such portion have never been used by the public; or * * *."

2. 271 P. at page 164, opinion reads in part:

  "* * * In *Lacy v. City of Oskaloosa*, 143 Iowa, 704, 121 N.W. 542, 31 L.R.A. (N.S.) 853, in which the court, among many other things here in point, said:

  'The primary use or purpose for which streets are established is to afford the public a way of passage or travel, * * *.'"